# SEIFF KRETZ & ABERCROMBIE

CHARLES D. ABERCROMBIE*
WALTER A. KRETZ, JR.
ERIC A. SEIFF
——
MARIANA OLENKO

*ALSO ADMITTED IN CT

444 MADISON AVENUE
30TH FLOOR
NEW YORK, N.Y. 10022-6926
(212) 371-4500
FAX (212) 371-6883
——
ROLAND R. ACEVEDO
OF COUNSEL

March 2, 2007

BY HAND and ECF
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *United States v. Yaw Nketia*  06 Cr. 893 (KMK)

Dear Judge Karas:

Defendant Yaw Nketia respectfully submits the following letter in lieu of a formal motion *in limine*. Defendant seeks an order, pursuant to Rules 402, 403 and 404(b) of the Federal Rules of Evidence, precluding the Government from introducing non-relevant, prejudicial and misleading evidence of uncharged crimes that would confuse and mislead the jury, unnecessarily lengthen the trial and impermissibly broaden the scope of the Indictment.

## Background

Defendant, the owner of Caesar Tax & Brokerage Services, is charged in a 14-count Indictment with preparing federal income tax returns and supporting schedules that contained false and fraudulent information, including false dependents and overstated deductions. Ind. ¶ 3. The Indictment alleges that as a result of the inclusion of this false and fraudulent information on the returns and schedules, defendant generated earned income tax credits and tax refunds to which clients were not entitled. *Id.* Although the Indictment alleges that the fraudulent scheme took place "from in or about at least 2000, through in or about 2003," the tax return filings in the 14-counts are limited to a two year period, from 2000 through 2002. *Id.* ¶¶ 3, 4.

SEIFF KRETZ & ABERCROMBIE

Hon. Kenneth M. Karas
U.S. v. Nketia   06 Cr. 893
Page 2 of 10

        The Government has provided defense counsel with
notice that it may offer the following 404(b) evidence at
trial:

        1.   an undercover operation conducted at the
defendant's office on April 9 & 10, 2003;

        2.   tax returns prepared by defendant for tax
years 1999 through 2003, and analyses thereof that reflect
a pattern of false statements consistent with the false
returns charged in the Indictment;

        3.   the number of tax returns prepared by
defendant for each of the tax years 1998 through 2004; and

        4.   refund rates for returns prepared by
defendant in each of the tax years 1998 through 2004.

        For the reasons set forth below, defendant seeks
an Order precluding the Government on its case-in-chief
from introducing non-relevant, prejudicial and misleading
evidence of uncharged crimes that would expand the scope of
the Indictment, unnecessarily lengthen the trial, confuse
and mislead the jury and attempt to show that defendant has
a propensity to commit criminal conduct.

                        Argument

        The purpose of the Federal Rules of Evidence is
to "secure fairness in the administration" of the law so
that "the truth may be ascertained and proceedings justly
determined." Fed. R. Evid. 102.  To ensure that
proceedings are justly determined, "[e]vidence which is not
relevant is not admissible." Fed. R. Evid. 402. "Relevant
evidence means evidence having any tendency to make the
existence of any fact that is of consequence to the
determination more probable or less probable than it would
be without the evidence." Fed. R. Evid. 401.

        Rule 403 provides that  "[a]lthough relevant,
evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by

S<small>EIFF</small> K<small>RETZ</small> & A<small>BERCROMBIE</small>

Hon. Kenneth M. Karas
U.S. v. Nketia  06 Cr. 893
Page 3 of 10

considerations of undue delay, waste of time or needless
presentation of cumulative evidence." Fed. R. Evid. 403.
"Under Rules 401 and 403 of the Federal Rules of Evidence,
in order for evidence to be admissible it must be relevant
and its prejudicial effect must not substantially outweigh
its probativeness." *United States v. Harvey*, 991 F.2d 981,
996 (2d Cir. 1993).

Rule 404(b) provides that evidence of other
crimes, wrongs or acts is not admissible to prove the
character of the defendant in order to show action in
conformity therewith. Fed. R. Evid. 404(b).  Such evidence
may be admissible, however, as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity
or absence of mistake or accident. *Id.*

The Second Circuit uses a three-prong test to
determine whether evidence of extrinsic acts is admissible
under Rule 404(b).  *United States v. Mickens*, 926 F.2d
1323, 1328 (2d Cir. 1991).  As a general rule, other crimes
evidence is admissible unless it is introduced for the sole
purpose of showing defendant's bad character, it is not
relevant under Rule 402, or it is overly prejudicial under
Rule 403. *Id.*

I.  The April 2003 Undercover Operation

On April 9 and 10, 2003, IRS agents conducted an
undercover operation at defendant's office that was
recorded on audio and video tape. An IRS agent posed as
Jeanine Andrade, who claimed that she was from Nigeria and
had two children who did not reside with her in the United
States. During the April 9th operation, defendant informed
Ms. Andrade that because her children did not reside in the
United States she could not claim them as dependents.
Defendant suggested that Ms. Andrade may be able to claim
someone else's dependent children on her tax return if that
person had not previously claimed the children on his or
her tax return.  On April 10th, the undercover agent
returned to defendant's office and a tax return was
submitted using the fictitious name and claiming two
dependent "foster children."  Defendant was not charged in
connection with filing the Andrade tax return.

SEIFF KRETZ & ABERCROMBIE

Hon. Kenneth M. Karas
U.S. v. Nketia   06 Cr. 893
Page 4 of 10

     The Government seeks to introduce evidence of the undercover operation to prove intent and knowledge. Because defendant is not charged in connection with the undercover operation and the recordings appear to have occurred after the crimes charged in the Indictment, the evidence is not relevant, highly prejudicial, will confuse and mislead the jury, unnecessarily lengthen the trial and should be excluded.

     A court must be vigilant in enforcing the Fifth Amendment's requirement that a person be tried only on the charges contained in the Indictment returned by the Grand Jury. *See United States v. Mollica*, 849 F.2d 723, 729 (2d Cir. 1988). "The very purpose of the requirement that a man be indicted by the grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *United States v. Zingaro*, 858 F.2d 94, 98 (1988), *citing Stirone v. United States,* 361 U.S. 212, 218 (1960). After an Indictment has been returned, its charges may not be broadened except by the Grand Jury, and a court cannot permit a defendant to be tried on charges that are not found in the Indictment. *United States v. Fasciana*, 226 F. Supp.2d 445, 449 (S.D.N.Y. 2002). An unconstitutional amendment of the Indictment occurs when the charging terms are altered, resulting in a likelihood that a defendant will be convicted of an offense not charged by the Grand Jury. *United States v. Wozniak*, 126 F.3d 105, 109 (2d Cir. 1977).

     The introduction of evidence regarding the undercover operation will broaden the Indictment and create an impermissible risk that either defendant will be convicted of a crime for which he has not been charged, or that the jury will convict because it believes that he is a bad person who deserves punishment. *Wozniak*, 126 F.3d at 109. In *Wozniak*, defendant was indicted for cocaine and methamphetamine transactions. At trial, the Government also introduced evidence of marijuana transactions and defendant was convicted. The Second Circuit reversed and found that the Indictment had been constructively amended by the admission of the marijuana evidence. *Id.* at 111; *see also*, *Zingaro*, 858 F.3d at 102-03 (introduction of extortionate

SEIFF KRETZ & ABERCROMBIE

Hon. Kenneth M. Karas
U.S. v. Nketia   06 Cr. 893
Page 5 of 10

act not alleged in the Indictment amounted to constructive amendment).

Here, the introduction of evidence of the undercover operation will constructively amend the Indictment and create a likelihood that defendant will be convicted for an act not charged in the Indictment. At a minimum, the evidence will prove facts materially different from those alleged in the Indictment and will amount to a prejudicial variance. *See United States v. Dupre*, 462 F.3d 131, 140 (2d Cir. 2006)(discussing difference between constructive amendment and variance).

In addition to impermissibly broadening the scope of the Indictment, evidence of the undercover operation should also be excluded because it appears that the undercover operation occurred <u>after</u> the criminal conduct charged in the Indictment.[1]  While nothing in Rule 404(b) prohibits the use of subsequent evidence if it otherwise meets the Rule's criteria, *United States v.* Germosen, 139 F.3d 120, 128 (2d Cir. 1998), evidence of the undercover operation is not relevant to show defendant's intent and knowledge for acts that occurred years earlier. *See United States v. Gordon*, 987 F.2d 902, 909 (2d Cir. 1993); *United States v. Sergentakis*, S1 05 Cr. 230, 2006 WL 1004468, at *2-3 (S.D.N.Y. Apr. 17, 2006). Because there was an extensive lapse of time between many, if not all, of the tax filings in the Indictment and the undercover operation, the Government cannot show sufficient similarities in time and manner to establish relevance to the charged conduct.

The probative value of the undercover operation evidence is also substantially outweighed by the danger of prejudice to the defendant.  As the Supreme Court noted in *Old Chief v. United States*, 519 U.S. 172, 181 (1997), "[a]lthough propensity evidence is relevant, the risk that a jury will convict for crimes other than those charged--or that, uncertain of guilt, it will convict anyway because a

---

[1] Counts One through Seven of the Indictment refer to tax returns filed in 2000 and 2001 and prior to the undercover operation. Although Counts Eight through Fourteen refer to tax returns filed on April 15, 2003, upon information and belief all of the returns in those Counts were filed prior to the April 2003 undercover operation.

SEIFF KRETZ & ABERCROMBIE

Hon. Kenneth M. Karas
U.S. v. Nketia   06 Cr. 893
Page 6 of 10

bad person deserves punishment--creates a prejudicial
effect that outweighs ordinary relevance."

        In the event the Court determines that the
undercover operation evidence is admissible, the Court
should nonetheless exclude the videotape recording.  The
Government recently provided counsel with a copy of the
videotape, which is poor quality and apparently was
recorded upside down.  The Government has also informed
counsel that a large portion of the tape is missing and
that the videotape is incomplete. Because a substantial
portion of the videotape is missing, the recording as a
whole is untrustworthy and should not be admitted at trial.[2]
*See United States v. Bryant*, 480 F.2d 785, 790 (2d Cir.
1973).

II.   Tax Returns/Analyses for the Years 1999 through 2003

        The Government has provided notice that it may
introduce evidence of "tax returns prepared by the
defendant for tax years 1999 through 2003, and analyses
thereof, that reflect a pattern of false statements
consistent with the specific false returns charged in the
Indictment."  Because the charges in the Indictment are
limited to tax return filings in tax years 2000 through
2002, admission of the above evidence would constructively
amend the Indictment and violate defendant's Fifth
Amendment rights. *See supra* I.

        The admission of additional tax returns and
analyses for the tax years 1999 through 2003 would
significantly broaden the charges contained in the
Indictment and result in defendant being tried on charges
not returned by the Grand Jury. The charges in the
Indictment are very specific and are limited to fourteen
different tax filings for the tax years 2000 through 2002.[3]

---

[2] The Government has indicated that it may only seek to introduce
"still" photographs that were captured from the video recording. In
light of the missing portion of the videotape, any evidence garnered
from the recording should be deemed untrustworthy and inadmissible.
[3] While the fourteen counts in the Indictment are limited to filings in
tax years 2000-2002, the Government alleges that the fraudulent scheme
spanned a somewhat longer period, 2000 through 2003. Ind. ¶ 3.

SEIFF KRETZ & ABERCROMBIE

Hon. Kenneth M. Karas
U.S. v. Nketia  06 Cr. 893
Page 7 of 10

While the Government may be afforded some latitude in
presenting background evidence of the alleged fraudulent
scheme, Ind. ¶ 3, there is no reason to allow evidence in
the form of hundreds of tax returns and analyses for the
tax years 1999 through 2003.  Defendant submits that the
introduction of such evidence would broaden and
constructively amend the Indictment and create a likelihood
that he would be convicted for acts not found by the Grand
Jury.  *Wozniak*, 126 F.3d at 109; *Zingaro*, 858 F.3d at 102-
03; *Fasciana*, 226 F. Supp.2d at 449.

        The evidence should also be excluded because it
is not relevant and its probative value is substantially
outweighed by its prejudicial effect. Although the first
fraudulent tax return filings are alleged to have occurred
in 2000, the Government is seeking to introduce returns and
analyses from 1999. Alleged criminal acts that occurred in
1999 are not relevant to the fourteen alleged fraudulent
tax returns filed years later. The probative value of acts
that predate the allegations in the Indictment is also
minimal, and is significantly outweighed by the prejudicial
effect of such propensity evidence. *See United States v.
Newton*, S1 01 Cr. 635, 2002 WL 230964, at *4-5 (S.D.N.Y.
Feb. 14, 2002)

        Accordingly, for the forgoing reasons the
Government should be precluded from offering evidence of
tax returns and analyses for the time period beyond that
alleged in the Indictment.

III.  Number of Tax Returns and Refund Rates for Returns
      Prepared by Defendant for Tax Years 1998 through 2004

        The Government has also provided notice that it
may introduce evidence regarding the number of tax returns
and the refund rates for tax returns prepared by the
defendant for each of the tax years 1998 through 2004.  For
the reasons set forth Sections I and II, *supra,* defendant
submits that the proposed evidence should be excluded
because it impermissibly broadens the Indictment and
violates defendant's Fifth Amendment rights.

SEIFF KRETZ & ABERCROMBIE

Hon. Kenneth M. Karas
U.S. v. Nketia   06 Cr. 893
Page 8 of 10


        The evidence should also be excluded because it
is not relevant.  Relevant evidence is evidence that has a
tendency to make the existence of any fact that is of
consequence to the determination at issue more probable or
less probable than it would be without the evidence." Fed.
R. Evid. 401.  Here, the issue before the Court is whether
defendant knowingly prepared false and fraudulent tax
returns for the fourteen clients listed in the Indictment.
The sheer volume of tax returns prepared by defendant in
each of the tax years 1998 through 2004 has no bearing on
the fourteen individual returns that form the basis for the
charges in the Indictment.  Since the Indictment does not
even allege criminal behavior in 1998, 1999 and 2004, it is
difficult to conceive what relevance the proposed evidence
would have to the alleged fraudulent returns filed in tax
years 2000 through 2002. Evidence regarding the volume of
tax returns prepared by the defendant can have no purpose
other than to show that defendant has a propensity to
commit crimes, in violation of Rule 404(b).

        Evidence regarding the refund rates for returns
prepared by defendant should also be excluded on the
grounds that the evidence is not relevant, will
unnecessarily lengthen the trial and is being admitted to
show propensity. The proposed evidence regarding the
overall refund rates for all of defendant's clients has no
bearing on whether the fourteen clients alleged in the
Indictment were entitled to certain deductions, exemptions
and tax credits.

        To obtain a conviction, the Government must prove
beyond a reasonable doubt that the deductions and
exemptions alleged in the Indictment were false and
fraudulent, and that defendant knew that they were false
and fraudulent when he filed the tax returns.  Any evidence
regarding refund rates will inevitably lead to questions
regarding the compilation and analysis of the data,
including questions regarding the demographics of the
individual tax filers. Such questioning will mislead and
confuse the jury and unnecessarily lengthen the trial.
*See, e.g., United States v. Aboumoussallem*, 726 F.2d 906,
912 (2d Cir. 1984)(proper to exclude evidence of uncharged
crimes under Rule 403 where it would amount to a trial

SEIFF KRETZ & ABERCROMBIE

Hon. Kenneth M. Karas
U.S. v. Nketia   06 Cr. 893
Page 9 of 10

within a trial risking jury confusion and undue delay). A
court has discretion to exclude evidence that is only
slightly probative if its introduction would confuse and
mislead the jury by focusing its attention on collateral
issues. *United States v. Prousalis*, 03 Cr. 1509, 2004 WL
1198495, at *8 (S.D.N.Y. June 3, 2004); *Newton*, 2002 WL
230964, at *4-5.

        Finally, the Court should reject any argument
that a proper limiting instruction to the jury will protect
defendant against any possible prejudice from the
introduction of 404(b) evidence.  It is well settled that a
limiting instruction is not an effective shield against the
dual risks of misuse and unfair prejudice. *United States v.
Forrester*, 60 F.3d 52, 60 (2d Cir. 1995).  As the Second
Circuit has noted, "to regard cautionary instructions as
talismans for the solution to any possible prejudice
problem is tantamount to effecting a repeal of the
prejudice rule, which by its terms concedes the possibility
that the negative aspects of some evidence may simply be
unmanageable for the factfinder regardless of
instructions."  *United States v. Schiff*, 612 F.2d 73, 82
(2d Cir. 1979).

SEIFF KRETZ & ABERCROMBIE

Hon. Kenneth M. Karas
U.S. v. Nketia   06 Cr. 893
Page 10 of 10


<u>Conclusion</u>

     For the forgoing reasons, the Court should grant defendant's application and exclude the proposed 404(b) evidence.

               Respectfully submitted,

               Roland Acevedo (RA 8915)
               Seiff Kretz & Abercrombie
               444 Madison Avenue, 30th fl.
               New York, N.Y. 10022
               (212) 371-4500


               Shamsey Oloko (SA 9747)
               The Thorgood Law Firm
               100 Park Avenue--20th fl.
               New York, N.Y.


               Counsel for defendant
               Yaw Nketia


cc: AUSA William Komaroff