UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA,

      --against--

                                 06 Cr. 893 (KMK)

YAW NKETIA,                         JURY CHARGE
  a/k/a CAESAR,

                  Defendant.
--------------------------------------------------------X

PRELIMINARY INSTRUCTIONS

1.     Province of Court and Jury

      Members of the jury, we now approach the critical time in this case -- the time when the case will be given to you for your judgment and verdict on the facts.

      It is my responsibility now to instruct you on the law. Before I do, I want to thank you for your patience and cooperation.

      I begin by explaining to you my role and your role. The jury's role is by far the most important. It is to decide the questions of fact and on that basis to render the verdict. It is your duty to decide whether or not the defendant's guilt has been proven beyond a reasonable doubt and to render a verdict of guilty or not guilty accordingly.

      You are the sole judges of the facts. That is a very great responsibility that you are to exercise in an attitude of complete fairness and impartiality. Your decision is to be based solely on the evidence or the lack of evidence. It may not be influenced by bias, prejudice or sympathy.

      My job includes two basic functions. First, I make rulings on disputed issues of law. What rulings I have made should not concern you. My second function is very much your concern. It is to instruct you on the law -- that is, to explain to you the rules of law that govern

your deliberations and to tell you what are the questions you must answer in reaching your verdict. It is your duty to accept the law as I state it to you in these instructions and apply it to the facts as you decide them.

You must not substitute your concept of what the law should be for what I tell you that the law is. Just as you alone find the facts, I alone determine the law, and you are duty bound to accept the law as I state it.

It is important for you to listen carefully to the instructions and apply the law to the evidence or lack of evidence in this case as I explain the law to you.

2.    <u>Meaning of the Indictment</u>

You will receive copies of the Indictment. The Indictment is not evidence. It is a set of accusations; a statement of what the Government intends to prove by offering evidence at trial.

It gives the defendant notice of the charges against him. It informs the court and the public of the nature of the accusations.

Because the Indictment is not evidence and because it does not purport to prove or even indicate guilt, or evidence against the defendant, you are to give it no weight. Nor are you to attempt to consider how the Indictment was obtained. A defendant begins trial with an absolutely clean slate and without any evidence against him. The Indictment contains mere accusations. What matters is the evidence that you heard in the trial.

3.    <u>What Evidence Is and Is Not</u>

In determining the facts, you must rely upon your own recollection of the evidence. What is evidence? Evidence consists primarily of the testimony of witnesses and the exhibits that have been received. It also includes facts that have been stipulated.

This case is not to be decided on the rhetoric of either the attorneys for the Government or the defendant. What the lawyers have said in their opening arguments, in their summations, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence -- except, of course, if I directed you to disregard an answer, you must do so.

The lawyers' arguments are intended to convince you to draw certain conclusions from the evidence or lack of evidence. Those arguments are important. You should weigh and evaluate them carefully. But you must not confuse them with the evidence. As to what the evidence was, it is your recollection that governs, not the statements of the lawyers.

You should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections. Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate. You should not be swayed against the Government or the defendant simply because counsel for either side has chosen to make an objection. Similarly, statements made by counsel when arguing the admissibility of evidence are not to be considered as evidence.

Nothing I say is evidence. If I comment on the evidence during my instructions, do not accept my statements in place of your recollection. It is your recollection that governs.

Also, do not draw any inference from any of my rulings. The rulings I have made during trial are not any indication of my views of what your decision should be as to whether or not the defendant has been proven guilty beyond a reasonable doubt. My rulings were based solely on issues of law.

Do not concern yourself with what was said at side bar conferences or during my discussions with counsel. Those discussions related to rulings of law and not to matters of fact.

At times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. My instructions were intended only to clarify the presentation of evidence. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question or instruction of mine. Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

4.      Presumption of Innocence; Burden of Proof; Reasonable Doubt

The defendant has pleaded not guilty. Thus, the Government has the burden of proving the charges against him beyond a reasonable doubt. A defendant does not have to prove his innocence. On the contrary, he is presumed to be innocent of the charges contained in the Indictment. This presumption of innocence was in his favor at the start of the trial, continued in his favor throughout the entire trial, is in his favor even as I instruct you now, and continues in his favor during the course of your deliberations in the jury room.

It is removed if and only if you, as members of the jury, are satisfied that the Government has sustained its burden of proving the guilt of the defendant beyond a reasonable doubt.

The question that naturally comes up is -- what is a reasonable doubt? The words almost define themselves. It is a doubt founded in reason and arising out of the evidence in the case, or the lack of evidence. It is doubt that a reasonable person has after carefully weighing all the evidence.

Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, your common sense. It is not caprice, whim or speculation. It is not an excuse to avoid the performance of an unpleasant duty. It is not sympathy for a defendant.

If, after a fair and impartial consideration of all the evidence against the defendant, you can candidly and honestly say that you are not satisfied of the guilt of the defendant, that you do not have an abiding conviction of the defendant's guilt, in sum, if you have such a doubt as would cause you, as prudent persons, to hesitate before acting in matters of importance to yourselves, then you have a reasonable doubt, and in that circumstance it is your duty to acquit the defendant.

On the other hand, if after a fair and impartial consideration of all the evidence you can candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as you would be willing to act upon without hesitation in important matters in the personal affairs of your own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict.

One final word on this subject. Reasonable doubt does not mean beyond all possible doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact which by its nature is not susceptible of mathematical certainty.

In consequence, the law in a criminal case is that it is sufficient if the guilt of a defendant is established beyond a reasonable doubt, not beyond all possible doubt.

The Government is not required to prove the essential elements of the offense by any particular number of witnesses. The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of the essential elements of the offense you are considering if you believe that the witness has truthfully and accurately related what he or she has told you.

5.     <u>All Parties as Equals Before the Court</u>

In reaching your verdict, you are to perform the duty of finding the facts without bias or prejudice as to any party. All parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less deference. The Government and the defendant stand on equal footing before you. Your verdict must be based solely on the evidence or the lack of evidence.

For the same reasons, the personalities and the conduct of counsel are not in any way in issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those reactions should not enter into your deliberations.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, national origin, sex or age. All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process. Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

6.     <u>Direct and Circumstantial Evidence</u>

Now, a word about the nature of evidence.

The law recognizes two types of evidence, direct and circumstantial. Jurors may rely upon either type to find an accused guilty of a crime.

Direct evidence is evidence that, if believed, tends to show a fact without need for any other amplification. For instance, when a witness testifies to what he or she saw, heard and observed, and what he or she knew of his or her own knowledge, about things which came to him or her by virtue of his or her own senses, that is direct evidence.

Circumstantial evidence is evidence of facts and circumstances from which one may infer connected facts that reasonably follow from common human experience. Stated somewhat differently, circumstantial evidence is a fact or series of facts in evidence that, if believed, has a logical tendency to lead the mind to a conclusion that another fact exists -- even though there is no direct evidence to that effect.

Let us take one simple example, which is often used in this courthouse, to illustrate what is meant by circumstantial evidence. We will assume that when you entered the courthouse this morning the sun was shining brightly outside, and it was a clear day. There was no rain. The sky was clear. Now, assume that in this courtroom the blinds are drawn and the drapes are drawn, so that you cannot look outside. Assume as you are sitting in this jury box, and, despite the fact that it was dry when you entered the building, someone walks in with an umbrella dripping water, followed in a short time by a man with a raincoat, which is wet.

Now, on our assumptions you cannot look out of the courtroom and see whether it has been raining or not, and if you are asked, "has it been raining?" you cannot say that you know it directly because of your own observation. But, certainly upon the combination of facts as given, even though when you entered the building it was not raining outside, it would be reasonable and logical for you to conclude that it has been raining.

You would arrive at this conclusion from circumstantial evidence. In other words, you would infer on the basis of reason and experience from one or more established facts -- in this

example, the dripping umbrella and the wet raincoat -- the existence of some further fact: that it has been raining outside.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.

Many material facts -- such as state of mind -- are rarely susceptible of proof by direct evidence.

Circumstantial evidence is as valuable as direct evidence. The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of a defendant's guilt beyond a reasonable doubt, based on all the evidence in the case, circumstantial and direct.

There are times when different inferences may be drawn from facts, whether they are proven by direct or circumstantial evidence. The Government asks you to draw one set of inferences. The defendant asks you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

7.    Credibility of Witnesses

Much of the evidence that you heard was presented to you in the form of testimony from witnesses. How, you might ask, do you judge the credibility of a witness?

First, let me remind you that it is for you, the jury, you and you alone, not the lawyers, not the witnesses, not the Judge, to decide the credibility of witnesses who appeared here and the weight that their testimony deserves.

How do you determine whether a witness is telling the truth? I mentioned at the very start of the trial, before you heard a single word of testimony, that it was important for you not only to listen but to look at and observe the witnesses as they testified.

Your determination of the credibility of a witness largely depends upon the impression the witness made upon you as to whether or not he or she was giving an accurate version of what occurred.

I often say to jurors, when you walk into this courtroom and sit in the jury box while the trial is going on, or while you are deliberating in the jury room, you have with you your common sense, your good judgment, and your experience.

The degree of credit to be given a witness should be determined by his or her demeanor, relationship to the controversy and the parties, bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and the attendant circumstances in the case.  How did the witness impress you? Did his or her version appear straightforward and candid, or did he or she try to hide some of the facts? Is there a motive to testify falsely?

In other words, what you try to do, to use the vernacular, is to size a person up just as you would do in any important matter where you are undertaking to determine whether or not a person is truthful, candid, and straightforward.

In passing upon the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or

her testimony and accept as true any other portion of his or her testimony which commends itself to your belief or which you may find corroborated by other evidence in this case.

A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at this trial is truthful in whole or in part in the light of the witness' demeanor and explanations, and all the evidence in the case.

8.    Interest in Outcome

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

9.    Stipulations

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect to be given to that testimony.

You also heard evidence in the form of stipulations that contained facts that were agreed to be true. In such cases, you must accept those facts as true.

Summary of the Indictment

The Indictment contains fourteen counts, or charges against the defendant. You will be asked to render a separate verdict as to each count.

The Indictment alleges that the defendant operated a tax preparation business in the Bronx, New York, known as Caesar Tax & Brokerage Services, and that from in or about 2000, through in or about 2003, he fraudulently generated income tax refunds for fourteen clients of his business by preparing U.S. Income Tax Returns and supporting schedules for the years 2000-2002, knowing those returns and schedules contained false and fraudulent information, including false dependents and overstated deductions.

Variance in Dates

Each of the counts in the Indictment refers to particular dates. It is not necessary, however, for the Government to prove that all alleged crimes were committed at exactly those dates. The law required only a substantial similarly between the dates alleged to the Indictment and the dates established by the evidence. It is sufficient if the crime is shown to have been committed at approximately the dates charged, or roughly within the limits of the periods indicated, in the Indictment.

The Relationship Between an Offense and Its Elements

As to each of the offense that I have mentioned, there are certain basic facts called the elements of the offense. To convict the defendant on a particular count of the Indictment, you must find that as to that count the Government has proved each and every element of the relevant offense beyond a reasonable doubt.

In a moment I will explain the elements of the offense charged in the Indictment. But before doing so, I will give you the definitions of some terms that I will be using.

The Indictment charges that certain acts were done "unlawfully,""willfully" and "knowingly." These words mean that you must find beyond a reasonable doubt that the defendant knew what he was doing and that he did it deliberately and voluntarily as opposed to mistakenly or accidentally.

The word unlawful simply means contrary to law; that is, to do something which the law forbids.

A person acts intentionally or willfully if he acts voluntarily and with a bad purpose -- that is, a purpose to do something the law forbids. It is not necessary that the person knew he was violating any particular law. But you must be convinced beyond a reasonable doubt that he was aware that what he was doing was, in general unlawful.

A person acts knowingly if he acts purposely and deliberately and not because of mistake or accident or other innocent reason. You may find in one of two ways that a defendant acted knowingly. The first way is based on a finding that he had actual knowledge. The second is based on a finding (1) that the defendant was aware that there was a high probability that the crime that he was participating in had one or more of the objectives charged in the Indictment, and (2) that the defendant deliberately and consciously avoided confirming this fact. You may not find that the defendant consciously avoided certain knowledge if you conclude that he actually believed that the conduct in which he was participating did not have the objectives charged in the Indictment, or if you find that he did not acquire certain knowledge merely because he was negligent, careless, or foolish.

Knowledge and intent exist in the mind. Therefore, they are rarely, if ever, proved by direct evidence. Rather, they are matters of inference, to be determined by an examination of all the surrounding facts and circumstances shown by the evidence, including the defendant's own acts and words.

I will now describe the elements of the offense with which the defendant is charged. Recall that you must consider each count of the Indictment separately.

<u>Counts One through Fourteen</u>

The Indictment charges that the defendant unlawfully, willfully and knowingly did aid and assist, procure, counsel, and advise the taxpayers identified in the Indictment as Clients 1 through 13 in the preparation and presentation of false and fraudulent U.S. Tax Returns and supporting schedules.

Specifically -- and I am reading now from the Indictment -- the Indictment charges that:

**[The Court is respectfully requested to read paragraph 4 of the Indictment]**

Defendant is charged with violating Title 26, United States Code, Section 7206(2), which states that any person who

> willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, or a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim or document [shall be guilty of a felony.]

Stated another way, the statute makes it a federal crime or offense for anyone to willfully aid or assist in the preparation and filing of a federal income tax return knowing it to be false or fraudulent in some material way.

Count One of the Indictment alleges that defendant prepared a false and fraudulent U.S. tax return for the tax year 2000 for Naana Anson, by falsely reporting that Naana Anson was

entitled to an Earned Income Tax Credit, exemptions and deductions in the amounts set forth in the Indictment.

Count Two alleges that defendant prepared a false and fraudulent U.S. tax return for the tax year 2000 for Beatrice Benson, by falsely reporting that Beatrice Benson was entitled to deductions in the amount set forth in the Indictment.

Count Three alleges that defendant prepared a false and fraudulent U.S. tax return for the tax year 2000 for Christiana Boakye, by falsely reporting that Christiana Boakye was entitled to deductions in the amount set forth in the Indictment.

Count Four alleges that defendant prepared a false and fraudulent U.S. tax return for the tax year 2000 for Joseph Gono, by falsely reporting that Joseph Gono was entitled to exemptions in the amount set forth in the Indictment.

Count Five alleges that defendant prepared a false and fraudulent U.S. tax return for the tax year 2000 for Kelman Anatsui, by falsely reporting that Kelman Anatsui was entitled to deductions in the amount set forth in the Indictment.

Counts Six and Seven allege that defendant prepared a false and fraudulent U.S. tax returns for the tax years 2000 and 2001, respectively, for Felicia Amponsah, by falsely reporting that Felicia Amponsah was entitled to deductions in the amount set forth in the Indictment.

Count Eight alleges that defendant prepared a false and fraudulent U.S. tax return for the tax year 2002 for Comlan Agbodohfalscha, by falsely reporting that Comlan Agbodohfalscha was entitled to an Earned Income Tax Credit and deductions in the amounts set forth in the Indictment.

Count Nine alleges that defendant prepared a false and fraudulent U.S. tax return for the tax year 2002 for Peterson Appiahacak, by falsely reporting that Peterson Appiahacak was

entitled to an Earned Income Tax Credit, exemptions and deductions in the amounts set forth in the Indictment.

Count Ten alleges that defendant prepared a false and fraudulent U.S. tax return for the tax year 2002 for Prince Bonsu, by falsely reporting that Prince Bonsu was entitled to an Earned Income Tax Credit and exemptions in the amounts set forth in the Indictment.

Count Eleven alleges that defendant prepared a false and fraudulent U.S. tax return for the tax year 2002 for Edward Campbell, by falsely reporting that Edward Campbell was entitled to an Earned Income Tax Credit, exemptions and deductions in the amounts set forth in the Indictment.

Count Twelve alleges that defendant prepared a false and fraudulent U.S. tax return for the tax year 2002 for Frank Ndri, by falsely reporting that Frank Ndri was entitled to exemptions and deductions in the amounts set forth in the Indictment.

Count Thirteen alleges that defendant prepared a false and fraudulent U.S. tax return for the tax year 2002 for Frank Osafo, by falsely reporting that Frank Osafo was entitled to an Earned Income Tax Credit, exemptions and deductions in the amounts set forth in the Indictment.

The final count of the Indictment, Count Fourteen, alleges that defendant prepared a false and fraudulent U.S. tax return for the tax year 2002 for Barba Yamson, by falsely reporting that Barba Yamson was entitled to an Earned Income Tax Credit, exemptions and deductions in the amounts set forth in the Indictment.

<u>The Elements of the Offense</u>

In order to prove defendant guilty of the crimes charged, the Government must prove each of the following elements beyond a reasonable doubt:

First, that in or about the time period set forth in the Indictment, the defendant aided or assisted in the preparation and filing of income tax returns which were false in a material way as charged in the Indictment; and

Second, that the defendant did so knowingly and willfully.

A declaration is "false" if it was untrue when made and was then known to be untrue by the person making it. A declaration contained within a document is "false" if it was untrue when the document was used and was then known to be untrue by the person using it.

A declaration is "material" if it relates to a matter of significance or importance as distinguished from a minor or insignificant or trivial detail. It is not necessary, however, that the Government be deprived of any tax by reason of the filing or false return, or that it be shown that additional tax is due, only that the defendant willfully aided and abetted the filing of a materially false return.

<u>Venue</u>

In addition to all of the elements that I have described for you, you must also decide for each count whether any part of the crimes charged in the Indictment took place at least in part within the Southern District of New York, which includes Manhattan, the Bronx, and Westchester County. In addition, it includes the waters within the Eastern District of New York, which includes Kings and Queens Counties, as well as the bridges over those waters.

In this regard, the Government need not prove that the crime itself was committed in this district, or that the defendant himself was present here. It is sufficient to satisfy this requirement if any act in furtherance of the crime occurred within this district.

I note that on the issue of venue -- and on this issue alone -- the Government need not present proof beyond a reasonable doubt. Rather, it is sufficient if the Government proves venue

by a preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime you are considering occurred within the Southern District of New York.

Law Enforcement and Government Employee Witnesses

You have heard the testimony of law enforcement agents and of employees of the Government. The fact that a witness may be employed by a federal, state, or city government as a law enforcement agent or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

Use of Recordings and Pictures<br>(If applicable)

Audio recordings, video recordings and photographs have been admitted into evidence. Whether you approve or disapprove of the recording of those conversations or images may not enter your deliberations. I instruct you that the recordings and photographs were done in a lawful manner and that no one's rights were violated, and that the Governments use of this evidence is entirely lawful.

Therefore, regardless of any personal opinions, you must give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt. What weight you give these recordings and photographs, if any, is completely within your discretion.

Transcripts
(If applicable)

In connection with the audio recordings you have heard, the Government has been permitted to hand out a typed document which it prepared containing the Government's interpretation of what appears on the recordings which have been received as evidence. Those were given to you as an aid or guide to assist you in listening to the tapes. However, the transcripts are not in and of themselves evidence. You alone should make your own interpretation of what appears on the tapes based on what you heard. If you think you heard something differently than appeared on the transcript, then what you heard is controlling.

Expert Testimony

You have heard what is called expert testimony from an expert on income tax matters. An expert is allowed to express his or her opinion on those matters about which she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can help you understand the evidence and reach an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, her opinions, her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept a witness' testimony merely because she is an expert. Nor should you substitute her testimony for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

## Submitting the Indictment and Charge

I am sending copies of the Indictment into the jury room for you to have during your deliberations. You should use it to read the crimes allegedly committed by the defendant; the Indictment contains the charges at issue in this trial. You are reminded, however, that an Indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

As I said before, each of you has a copy of this charge. You will also receive a verdict form on which to record your verdict. Please do not draw any conclusions from the verdict form or any question on it. That form is intended only to record your verdict and is not part of my charge.

## Persons Not On Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person was not named as a defendant in this case and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

## Particular Investigative Techniques Not Required

You have heard reference, in the arguments and cross-examination of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques, The Government is not on trial. Law enforcement techniques are not your

concern. Your concern is to determine whether, on the evidence or lack of evidence, the defendants' guilt has been proven beyond a reasonable doubt.

Uncalled Witnesses - Equally Available To Both Sides
(If applicable)

There are people whose names you heard during the course of the trial but did not appear to testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court,

Although you may consider that fact when you are evaluating a witness' credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness' preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

<u>Limiting Instruction -- Similar Act Evidence</u>

The Government has offered evidence tending to show that on different occasions, the defendant engaged in conduct similar to the charge in the Indictment.

In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crimes charged. Nor may you consider this evidence as proof that defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the Indictment, that defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons. You may also consider this evidence in determining whether the defendant utilized a common scheme or plan in committing both the crimes charged in the Indictment and the similar acts introduced by the Government.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act or acts he must also have committed the acts charged in the Indictment.

<u>Use of Informants</u>
(If Applicable)

You have also heard testimony regarding the use of informants and cooperating witnesses. There is nothing wrong or illegal with the Government using these techniques so long as the defendant's rights were not violated -- and the defendant has not claimed that his rights

were violated in this case. Indeed, certain types of evidence would be extremely difficult to detect without the use of these techniques.

Whether or not you approve of the use of informants and cooperating witnesses to detect and investigate unlawful activities is not to enter into your deliberations in any way. If you are satisfied beyond a reasonable doubt that the defendant committed the offenses charged in the Indictment, the circumstances in which the Government made use of informants and cooperating witnesses is irrelevant to your determination.

<u>Defendant's Testimony</u>
(If a defendant testifies)

The defendant has taken the witness stand. Obviously, the defendant has a deep personal interest in the outcome of this prosecution.

This interest creates a motive for false testimony. In appraising the defendant's credibility, you may take that into account.

It by no means follows, however, that simply because a person has a vital interest in the end result, that he is not capable of telling a truthful and straightforward story.

It is for you to decide to what extent, if at all, the defendant's interest has affected or colored his testimony.

<u>Defendant's Right Not to Testify</u>
(If requested by defense)

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the evidence in this case and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.  It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But, do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered based solely on the evidence without fear, without favor, and without prejudice or sympathy.