UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                 :

    - against -                          :   06 Cr. 893(KMK)

YAW NKETIA,                              :
   a/k/a "Caesar,"
                       :
              Defendant.

- - - - - - - - - - - - - - - - - - - X


**GOVERNMENT'S REQUESTS TO CHARGE**




                                 MICHAEL J. GARCIA
                                 United States Attorney
                                 Southern District of New York,
                                 Attorney for the United States
                                     of America




William C. Komaroff
Todd Blanche
Assistant United States Attorneys

      - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                :

    - against -                              :    06 Cr. 893 (KMK)

YAW NKETIA,                              :
   a/k/a "Caesar,"
                                         :

                Defendant.

- - - - - - - - - - - - - - - - - - - X

**GOVERNMENT'S REQUESTS TO CHARGE**

      The Government respectfully requests that the Court include the following in its charge to the jury.

**TABLE OF CONTENTS**

Request                                                                    Page

1.   General Requests . . . . . . . . . . . . . . . . . . . . 1

2.   The Indictment . . . . . . . . . . . . . . . . . . . . . 2

3.   Nature of Tax Crimes . . . . . . . . . . . . . . . . . . 3

4.   Aiding in the Preparation of False Tax Returns
          Elements of the Offense . . . . . . . . . . . . . 5

5.   First Element – Advised or Assisted  . . . . . . . . . . 6

6.   Second Element – Falsity of a Material Matter  . . . . . 7

7.   Third Element – Willfully . . . . . . . . . . . . . . . 8

8.   Summary of Counts 1 Through 14 . . . . . . . . . . . . . 9

9.   Tax Code Instructions  . . . . . . . . . . . . . . . . . 12

10.  Variance in Dates, Amounts, Facts Alleged  . . . . . . . 13

11.  Similar Act Evidence . . . . . . . . . . . . . . . . . . 14

12.  Expert Testimony . . . . . . . . . . . . . . . . . . . . 16

13.  Charts and Summaries . . . . . . . . . . . . . . . . . . 17

14.  Agreements Not to Prosecute Government Witnesses . . . . 18

15.  Persons Not on Trial . . . . . . . . . . . . . . . . . . 20

16.  Motive . . . . . . . . . . . . . . . . . . . . . . . . . 21

17.  Defendant's Right Not to Testify . . . . . . . . . . . . 22

18.  Uncalled Witness – Equally Available . . . . . . . . . . 23

19.  Particular Investigative Techniques Not Required . . . . 24

20.  Use of Recordings  . . . . . . . . . . . . . . . . . . . 25

**REQUEST NO. 1.**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury.

b.   Statements of Court and Counsel Not Evidence.

c.   Burden of Proof and Presumption Of Innocence.

d.   Reasonable Doubt.

e.   Jury's Recollection Controls.

f.   Inferences.

g.   Government Treated Like Any Other Party.

h.   Definitions, Explanations and Example Of Direct and Circumstantial Evidence.

I.   Credibility Of Witnesses.

j.   Right to See Exhibits and Have Testimony Read During Deliberations.

k.   Sympathy: Oath Of Jurors.

l.   Punishment Is Not To Be Considered By The Jury.

m.   Verdict Of Guilt Or Innocence Must Be Unanimous.

1

**REQUEST NO. 2.**

**The Indictment**

The defendant, YAW NKETIA, is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation, it is not evidence.  The Indictment alleges that from at least 2000 through 2003 YAW NKETIA, who did business under the name Caesar Tax & Brokerage Services, engaged in a scheme to fraudulently generate income tax refunds for clients by preparing personal income tax returns and supporting schedules knowing those tax returns and accompanying schedules contained false and fraudulent information, including false dependents and overstated deductions.  As a result of the inclusion of this allegedly false and fraudulent information, the Indictment alleges that the defendant generated for those clients tax credits and tax refunds to which those clients were not entitled.

### REQUEST NO. 3.

### Nature of Tax Crimes

The United States has a system for the collection of income taxes that relies on the compliance of the taxpayers.  We prepare our own tax returns; we report our own income; we compute our own tax.  The Internal Revenue Service does not and cannot review or audit every single return that is filed.  Our system can function successfully only if the taxpayer files a return and renders an honest account to the Government in connection with his income taxes.  Complete and truthful disclosure on all tax returns is important to the internal revenue system, and the law provides both criminal and civil sanctions to assure compliance.

A preliminary word about what this case is <u>not</u> about: It has nothing to do with the actual collection of any taxes that may be due to the Government.  This is a criminal case.  Its object, therefore, is to secure the enforcement of the law passed by Congress that makes it a federal crime to aid and assist in the preparation of a false tax return.

There is a distinction between civil liability imposed upon a defendant for the non-payment of taxes and criminal responsibility for his acts and conduct.  None of us likes to pay our taxes and none of us enjoys filling out the required forms. But that is not at issue in this case, because the filing of tax returns and the payment of taxes is a requirement of law.

3

Moreover, we are not concerned here with civil liability, that is, whether or not taxes claimed to be due have been paid or will be paid.  Rather, the issue here is whether the Government has proved beyond a reasonable doubt that the defendant committed the crimes charged in the Indictment.

> Spies v. United States, 317 U.S. 492, 495 (1943).  Adapted from the charges of Judge Edward Weinfeld in United States v. Bugliarelli, 75 Cr. 333, Tr. at 773-74 (S.D.N.Y.), aff'd from the bench, 538 F.2d 315 (2d Cir. 1976); Judge William C. Connor in United States v. Feldshuh, 76 Cr. 500, Tr. 1080-81 (S.D.N.Y.); Judge Gerard L. Goettel in United States v. Paris, 77 Cr. 262, Tr. 1218-19 (S.D.N.Y.), and Judge Barrington D. Parker, Jr. in United States v. Pirro, S2 99 Cr. 182, Tr. at 3735.

## REQUEST NO. 4.

### Aiding in the Preparation of False Tax Returns

### Elements of the Offense

The Indictment contains 14 separate charges or counts and each one of those counts charges the defendant with aiding and assisting the preparation and presentation of a specific false U.S. Individual Income Tax Return.  I will describe each of the fourteen counts more fully later in my instructions.

In order to prove the defendant guilty on any of the counts of aiding and assisting the preparation and filing of a false or fraudulent tax return, the Government must establish the following three elements beyond a reasonable doubt:

(1)  that the defendant advised or assisted in the preparation of a federal tax return, which was subsequently filed with the Internal Revenue Service (or "IRS");

(2)  that the return contained at least one entry that was materially false; and

(3)  that the defendant acted willfully at the time he aided or assisted the preparation or presentation of the return.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 59-27; <u>United States v. Perez</u>, 565 F.2d 1227, 1233-34 (2d Cir. 1977); and the charge of the Hon. Jed S. Rakoff in <u>United States v. Contreras</u>, 04 Cr. 1363 (JSR) (Dkt. # 15).

5

## REQUEST NO. 5.

### First Element – Advised or Assisted

The first element of this offense is that the defendant advised or assisted the preparation of a federal income tax return that was subsequently filed with the IRS.

To satisfy this element, the Government is <u>not</u> required to prove that the defendant personally prepared the return in issue or dealt personally with the taxpayer or signed the return; it is sufficient to satisfy this first element if the Government proves that the defendant in any way assisted, directly or indirectly, in the preparation of the return.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 59-28; and the charge of the Hon. Jed S. Rakoff in <u>United States v. Contreras</u>, 04 Cr. 1363 (JSR) (Dkt. # 15).

## REQUEST NO. 6.

### Second Element – Falsity of a Material Matter

The second element you must find beyond a reasonable doubt is that the tax return identified in the particular count you are considering is false as to at least one material matter. An entry on a tax return is material if the information required to be reported on that line is capable of influencing the correct computation of the amount of tax liability.

In certain counts, the Indictment charges that a particular tax return was false in more than one material respect, such as, deductions, exemptions or entitlement to Earned Income Tax Credit. You are instructed that it is sufficient if you find that the Government has established beyond a reasonable doubt that any one of these items was falsely reported on the return charged in a specific count. In other words, the Government does not have to prove that all of the items are false; proof of the falsity of a single item is sufficient. On the other hand, if you find that none of the items was falsely reported on a particular return, then you should find the defendant not guilty as to the count in the Indictment concerning that return.

> Sand, Modern Federal Jury Instructions,
> Instruction 59-29; charge of the Hon. Jed S.
> Rakoff in United States v. Contreras, 04 Cr.
> 1363 (JSR) (Dkt. # 15); see Silverstein v.
> United States, 377 F.2d 269, 270 n.3 (1st
> Cir. 1967); United States v. Null, 415 F.2d
> 1178, 1181 (4th Cir. 1969)

## REQUEST NO. 7.

### Third Element – Willfully

The third and final element you must find beyond a reasonable doubt is that the defendant acted willfully, that is, with an intent to mislead the IRS. Although it is not necessary to find that the defendant knew he was violating any particular law or statute number, you must find that the defendant knew of the generally unlawful nature of his acts.

What a defendant knew or intended involves his state of mind. We have no way of knowing what was in a person's mind other than by observing his conduct – the way he behaves, and what he says. In short, you are likely to have to look to circumstantial evidence in order to determine the defendant's state of mind. Furthermore, the defendant's knowledge and intent in this area may be established entirely on the basis of circumstantial evidence. Please note, that it is the defendant's intent that you are here concerned with, and not anyone else's. In particular, if the defendant assisted the preparation of a false tax return with an intent to mislead the IRS, whether or not the taxpayer on the return also intended to mislead the IRS is irrelevant and provides no defense for the defendant. It is the defendant's knowledge of the falsity of the return and not the taxpayer's knowledge that must be proven.

> Sand, Modern Federal Jury Instructions,
> Instruction 59-30; charge of the Hon. Jed S.
> Rakoff in United States v. Contreras, 04 Cr.
> 1363 (JSR) (Dkt. # 15); 26 U.S.C. § 7206(2).

8

**REQUEST NO. 8.**

**Summary of Counts 1 Through 14**

As I mentioned, each of the fourteen counts that charge the defendant with assisting in the preparation of a false tax return relate to a separate tax return. By way of summary, they are as follows:

Count One relates to the individual income tax return for the year 2000 for taxpayer Naana Anson, marked as Government Exhibit 1, and alleges that the return falsely reported that the taxpayer was entitled to an Earned Income Tax Credit of $3,888, exemptions of $5,6000 and deductions of $2,050.

Count Two relates to the individual income tax return for the year 2000 for taxpayer Beatrice Benson, marked as Government Exhibit 2, and alleges that the return falsely reported that the taxpayer was entitled to deductions of $3,528.

Count Three relates to the individual income tax return for the year 2000 for taxpayer Christiana Boakye, marked as Government Exhibit 3, and alleges that the return falsely reported that the taxpayer was entitled to deductions of $22,935.

Count Four relates to the individual income tax return for the year 2000 for taxpayer Joseph Gono, marked as Government Exhibit 4, and alleges that the return falsely reported that the taxpayer was entitled to exemptions of $8,400.

Count Five relates to the individual income tax return

9

for the year 2000 for taxpayer Klenam Anatsui, marked as Government Exhibit 5, and alleges that the return falsely reported that the taxpayer was entitled to deductions of $11,911.

Count Six relates to the individual income tax return for the year 2000 for taxpayer Felicia Amponsah, marked as Government Exhibit 6, and alleges that the return falsely reported that the taxpayer was entitled to deductions of $2,050.

Count Seven relates to the individual income tax return for the year 2001 for taxpayer Felicia Amponsah, marked as Government Exhibit 7, and alleges that the return falsely reported that the taxpayer was entitled to deductions of $2,100.

Count Eight relates to the individual income tax return for the year 2002 for taxpayer Comlan Agbodoh-Falscha, marked as Government Exhibit 8, and alleges that the return falsely reported that the taxpayer was entitled to an Earned Income Tax Credit of $2,265 and deductions of $2,975.

Count Nine relates to the individual income tax return for the year 2002 for taxpayer Peterson Appiahackah, marked as Government Exhibit 9, and alleges that the return falsely reported that the taxpayer was entitled to an Earned Income Tax Credit of $3,390, exemptions of $3,000 and deductions of $2,975.

Count Ten relates to the individual income tax return for the year 2002 for taxpayer Prince Bonsu, marked as Government Exhibit 10, and alleges that the return falsely reported that the

10

taxpayer was entitled to an Earned Income Tax Credit of $2,506, and exemptions of $3,000.

Count Eleven relates to the individual income tax return for the year 2002 for taxpayer Edward Campbell, marked as Government Exhibit 11, and alleges that the return falsely reported that the taxpayer was entitled to an Earned Income Tax Credit of $3,876, exemptions of $6,000 and deductions of $2,200.

Count Twelve relates to the individual income tax return for the year 2002 for taxpayer Frank Ndri, marked as Government Exhibit 12, and alleges that the return falsely reported that the taxpayer was entitled to exemptions of $6,000 and deductions of $2,200.

Count Thirteen relates to the individual income tax return for the year 2002 for taxpayer Frank C. Osafo, Jr., marked as Government Exhibit 13, and alleges that the return falsely reported that the taxpayer was entitled to an Earned Income Tax Credit of $2,812, exemptions of $6,000 and deductions of $2,200.

Count Fourteen relates to the individual income tax return for the year 2002 for taxpayer Barba Yamson, marked as Government Exhibit 14, and alleges that the return falsely reported that the taxpayer was entitled to an Earned Income Tax Credit of $1,054, exemptions of $6,000 and deductions of $2,200.

## REQUEST NO. 9.

### Tax Code Instructions

With regard to your consideration of the claims for earned income tax credit, exemptions and deductions that are alleged to be false on the returns in question, it may be useful for you to know some more about provisions of the tax code that you may find relevant.

Earned Income Tax Credit:  The earned income tax credit is intended to provide tax relief to low-income working individuals with children.  In order to qualify to claim the earned income credit, an individual must have a child, (i.e., a son, daughter, stepson, stepdaughter or foster child) and that child must live with the taxpayer in the United States.  See 26 U.S.C. §§ 2, 32 and 151(c)(3); 2002 U.S. Master Tax Guide ¶ 1375 (CCH).

Exemptions for Dependants:  An individual may claim an exemption on his or her tax return for dependants under certain circumstances.  Children, including foster children, of the taxpayer may qualify as dependants if the taxpayer provides over half of the dependants support and the dependant is a citizen or resident of the United States.  See 2002 U.S. Master Tax Guide ¶ 137 (CCH).

Deductions:  Under certain circumstances, and when properly documented, an individual may claim deductions for medical expenses, business expenses and charitable contributions.

12

## REQUEST NO. 10.

### Variance in Dates, Amounts, Facts Alleged

The Indictment alleges that certain acts occurred on or about a specific date.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

Also, the Indictment alleges certain dollar amounts.  Again, the law only requires a substantial similarity between the Indictment and the proof.  Thus, if you find that the evidence indicates that, in fact, a different amount was involved, it is for you to determine whether the difference was material.

> Adapted from the charge of Judge Martin in
> United States v. Lawless, S2 96 Cr. 522 (JSM)
> (S.D.N.Y. May 14, 1997), Tr. 346; from the
> charge of Judge Sotomayor in United States v.
> Lugo, S2 96 Cr. 521 (S.D.N.Y. April 10,
> 1997), Tr. 555.

## REQUEST NO. 11.

### Similar Act Evidence

Any evidence concerning acts not alleged in the Indictment may be considered by you only as it bears upon a defendant's intent, knowledge, motive, opportunity, absence of mistake or accident, as to the acts that are alleged in the Indictment.

Let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider evidence of any similar acts as a substitute for proof that a defendant committed the crimes charged. Nor may you consider this evidence as proof that a defendant has a criminal personality or bad character. The evidence of the other, similar acts has been admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that a defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, that defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reason.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because a defendant committed the other

14

act or acts, he must also have committed the acts charged in the

Indictment.

> Adapted from charge of Judge Martin in <u>United States v. Lawless</u>, S2 96 Cr. 522 (JSM) (S.D.N.Y. May 14, 1997), Tr. 347; from the charge of Judge Sotomayor in <u>United States v. Lugo</u>, S2 96 Cr. 521 (SS) (April 10, 1997), Tr. 556-557; <u>see</u> Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-25.

15

**REQUEST NO. 12.**

**Expert Testimony**

You have also heard testimony from an Internal Revenue Service agent who is an expert in tax matters.  An expert is allowed to express her opinion on those matters about which she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept this witness' testimony merely because she is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-21.

16

**REQUEST NO. 13.**

**Charts and Summaries**

Some of the exhibits in this case are charts and summaries. These charts and summaries were admitted as analyses and summaries of documents previously admitted, of certain testimony previously heard, and in some instances, to set forth in detail Agent Dabney's conclusions and calculations that she summarized orally. These charts and summaries are offered to assist you as visual or organizational aids. They are not themselves, however, direct evidence of the matters summarized in them. They are graphic demonstrations of the underlying testimony and documents. Thus it is the underlying evidence which determines what weight, if any, these charts and summaries deserve. It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and exhibits upon which they are based. It is also for you to decide what weight to give the underlying evidence. You are entitled to consider the charts and summaries if you find that they assist you in analyzing and understanding the evidence.

> Adapted from the charge of Judge
> John Walker in <u>United States v.
> Helmsley</u>, 88 Cr. 219 (JMW), Tr. 19
> (S.D.N.Y. 1989), and Sand, <u>Modern
> Federal Jury Instructions</u>, Instr.
> 5-13.

17

## REQUEST NO. 14.

### Agreements Not to Prosecute Government Witnesses

You have heard the testimony of a number of witnesses whom the Government has promised – in exchange for testifying truthfully, completely and fully – will not be prosecuted for any crimes in which they may have participated.

The Government is permitted to make these kinds of promises, and is entitled to call as witnesses people to whom such promises are given.  The fact that the Government has agreed not to prosecute a witness does not disqualify her or him from testifying, and does not preclude you from accepting that testimony as true.  You are instructed that you may convict a defendant on the basis of such a witness's testimony alone, if you find that her or his testimony proves the defendant guilty beyond a reasonable doubt.

In evaluating the testimony of the witness with a non-prosecution agreement, you should ask yourselves whether she or he would benefit more by lying, or by telling the truth.  Was her or his testimony made up in any way because the witness believed or hoped that she or he would somehow receive favorable treatment by testifying falsely?  Or did the witness believe that her or his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause the witness to

18

lie, or was it one which would cause her or him to tell the truth?  Did this motivation color the witness's testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

Adapted Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-9.

19

## <u>REQUEST NO. 15.</u>

### Persons Not on Trial

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, towards the Government or the defendant, from the fact that such persons were not named as defendants in the Indictment.  Whether a person should be indicted as a defendant is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendant on trial.  Your task is limited to considering the charges contained in the Indictment and the defendant before you.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-4.

20

### REQUEST NO. 16.

### Motive

The Government need not prove any motive for the crimes charged. It must only prove the elements of the crime, including intent, as I described earlier. Intent and motive should never be confused. Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done or omitted.

Good motive alone is never a defense where the act done or omitted is a crime. So, the motive of the defendant is immaterial except insofar as evidence of motive may aid determination of state of mind or intent.

> Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u> (3d Ed. 1977), Section 14.11.

21

## **REQUEST NO. 17.**

### **Defendant's Right Not to Testify**

[If requested by the defense]

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

22

**REQUEST NO. 18.**

**Uncalled Witness - Equally Available**

[If Applicable]

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and as to whom there was no stipulation about what they would testify to if they appeared. I instruct you that each party had an equal opportunity, or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7. See United States v. Super, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); accord United States v. Brown, 511 F.2d 920, 925 (2d Cir. 1975).

23

## REQUEST NO. 19.

### Particular Investigative Techniques Not Required

[If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 4-4, and from the charges of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and Judge John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

24

### REQUEST NO. 20.

### Use of Recordings

Audio recordings and photographs of the defendant have been admitted into evidence.  Whether you approve or disapprove of the manner in which the defendant was recorded or photographed may not enter your deliberations.  I instruct you that these recordings and photographs were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of each of the defendants.

> Adapted from the charges of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995).

25

Dated: New York, New York
       March 2, 2007


                     Respectfully submitted,

                     MICHAEL J. GARCIA
                     United States Attorney for the
                     Southern District of New York
                     Attorney for the United States
                          of America


              By: /s William C. Komaroff
                  William C. Komaroff
                  Todd Blanche
                  Assistant United States Attorneys
                  Tel. No.: (212) 637-1111/2494

26