# Seiff Kretz & Abercrombie

CHARLES D. ABERCROMBIE*
WALTER A. KRETZ, JR.
ERIC A. SEIFF

MARIANA OLENKO

*ALSO ADMITTED IN CT

444 MADISON AVENUE
30TH FLOOR
NEW YORK, N.Y. 10022-6926
(212) 371-4500
FAX (212) 371-6883

ROLAND R. ACEVEDO
OF COUNSEL

March 30, 2007

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: *United States v. Yaw Nketia*  06 Cr. 893 (KMK)

Dear Judge Karas:

    Defendant Yaw Nketia respectfully moves, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, for a judgment of acquittal. Defendant submits that (i) the evidence at trial was insufficient to establish his guilt beyond a reasonable doubt; and (ii) there was a prejudicial variance between the allegations set forth in the Indictment and the proof adduced at trial. Accordingly, for the reasons set forth below, defendant respectfully submits that the Court should grant this application and enter a judgment of acquittal.

## Argument

    Rule 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A district court will grant a motion for a judgment of acquittal on grounds of insufficient evidence if it concludes that "no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003). In assessing a Rule 29 motion, the court must view the evidence in a light most favorable to the Government and must draw all inferences in the Government's favor. *Id.* A Rule 29 motion may be granted where there is a "hopeless variance

SEIFF KRETZ & ABERCROMBIE

Hon. Kenneth M. Karas
*U.S. v. Nketia* 06 Cr. 893 (KMK)
Page 2 of 7

between the proof and the crime charged." *United States v. Arena*, 918 F. Supp. 561, 565 (N.D.N.Y. 1996).

On March 16, 2007, defendant was convicted of seven-counts of aiding and assisting in the preparation of fraudulent federal income tax returns, in violation of 26 U.S.C. § 7206(2).[1] The Indictment alleged that from at least 2000 through 2003, defendant fraudulently generated income tax refunds for clients by using false dependents and overstated deductions. Trial Indictment ¶ 3. Each of the eight counts alleged the filing of a fraudulent return in either tax year 2000 or 2002. Trial Indictment, at 3. Despite the limited scope of the Indictment, the Government introduced evidence spanning a much broader period, from 1998 through 2005. The Government also introduced evidence regarding approximately three hundred and fifty rejected returns for tax year 2002, the majority of which were rejected for reasons involving false or incorrect dependent information.  This evidence further broadened the scope of the Indictment well beyond the allegations involving the eight individual tax filers.  Defendant also submits that the evidence was insufficient to establish that he was the individual that actually filed the eight fraudulent returns.

I.  The Evidence Failed to Establish that the Defendant Filed the Fraudulent Tax Returns

The evidence at trial established that the eight fraudulent tax returns were electronically filed using Electronic Filing Identification Number ("EFIN") 133243, which was assigned to Yaw Nketia. Tr. 44-45.[2] Although IRS Agent Jeanne Moisa testified that the EFIN number was assigned to Mr. Nketia, the Government failed to present any evidence to establish that the fraudulent returns were actually filed by the defendant. While each of the individual tax filers testified that they personal or telephone contact with defendant, the record is devoid of

---

[1] Defendant was acquitted of Count Three of the Indictment, which alleged that defendant aided in the filing of a false tax return for Comlon Agbodoh-Falscha.
[2] References preceded by "Tr." refer to pages of the trial transcript.

SEIFF KRETZ & ABERCROMBIE

Hon. Kenneth M. Karas
*U.S. v. Nketia* 06 Cr. 893 (KMK)
Page 3 of 7

any evidence to establish that the tax filer was present when the tax return was electronically filed or had any personal knowledge regarding who actually filed the return.

The evidence also established that individuals other than defendant were working at the Jerome Avenue office and had access to defendant's computer system that was used to file the returns. For example, IRS Agent Small testified that when she returned to defendant's office on April 10, 2003, an unidentified black "young man" spoke with her and entered her tax information into the computer. Tr. 210. Agent Small provided the unidentified black male with the false dependent information and paid him the fee for filing the tax return. Tr. 221-22. Agent Small also saw a woman wearing a headset working in the office. Tr. 216.

Comlon Agbodoh-Falscha, the tax filer named in Count Three of the Indictment, testified that when he went to defendant's office he dealt with an individual named "Jose" who prepared his tax return. Tr. 159, 169. According to Falscha, he returned to defendant's office three days later and Jose gave him his tax documents. Tr. 161-62. Falscha stated that he did not know if defendant prepared his return. Tr. 171. The testimony of the other seven tax filers named in the Indictment was similar--not one of them testified that he or she was present when the tax return was actually filed and/or knew who did the actual electronic filing.

In sum, the record is devoid of any evidence to establish that defendant actually filed the returns. On the contrary, the evidence established that other individuals had access to the computers in defendant's office. In the absence of any evidence establishing that only defendant had access to the EFIN number and/or that defendant actually filed the fraudulent returns, the conviction should be set aside and a judgment of acquittal entered.

II. Prejudicial Variance Between the Allegations
    in the Indictment and the Proof Presented at Trial

It is well settled that after an Indictment has been returned its charges may not be broadened through

**SEIFF KRETZ & ABERCROMBIE**

Hon. Kenneth M. Karas
*U.S. v. Nketia* 06 Cr. 893 (KMK)
Page 4 of 7

amendment except by the Grand Jury itself. *Stirone v. United States*, 361 U.S. 212, 216 (1960), *citing Ex Parte Bain*, 121 U.S. 1 (1887). The *Bain* case "stands for the rule that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone*, 361 U.S. at 217.

Here, the Indictment alleged that defendant was involved in a fraudulent scheme that spanned from 2000 through 2003. Trial Indictment ¶ 3. Specifically, the Indictment charged defendant with aiding and assisting the filing of false and fraudulent returns for eight tax filers in the tax years 2000 and 2002. *Id.* at 3. Despite the limited scope of the Indictment, the Government introduced evidence of a much broader fraudulent scheme spanning from 1998 to 2005.

IRS Agent Moisa testified regarding the Return Preparer Views ("RPVUE's") for tax years 1998 through 2005. Tr. 51, 55; GX 39-46. The RPVUE's showed the number of electronically filed returns under defendant's EFIN number, the number of returns that claimed an Earned Income Tax Credit and the percentage of returns that received a refund. GX 39-46. For example, Agent Moisa testified that in tax year 2002, 3,974 returns were electronically filed and ninety-five percent, or 3,799 filers, received a refund. Tr. 56. The Government failed to present any evidence to establish that the percentage of filers who received refunds was unusual or outside the norm for individuals in that tax bracket.

Agent Moisa also testified in connection with Government Exhibits 36 and 37, the list of rejected 2002 returns and the associated rejection codes, respectively. Tr. 57-70. According to Agent Moisa, in tax year 2002 defendant filed approximately three hundred and fifty returns that were rejected for various reasons, including problems with dependent information. Tr. 66-74.

IRS Agent Denise Lamond also testified regarding the RPVUE's for 1998-2005. Tr. 441-42. Agent Lamond prepared a summary schedule that depicted the data found in Government Exhibits 39-46. Tr. 442; GX 101. Agent Lamond

**SEIFF KRETZ & ABERCROMBIE**

Hon. Kenneth M. Karas
*U.S. v. Nketia* 06 Cr. 893 (KMK)
Page 5 of 7

also prepared a summary chart that depicted the reasons why numerous electronically filed tax returns were rejected in tax year 2002. Tr. 444-46.

The purpose behind the testimony of Agents Moisa and Lamond was to persuade the jury that defendant was involved in a tax fraud scheme that spanned from 1998 to 2005, well beyond the allegations in the Indictment. The testimony was also intended to show that although defendant was only charged in connection with eight fraudulent returns, approximately three hundred and fifty returns were rejected in tax year 2002 for reasons primarily related to false dependent information. This evidence significantly expanded the scope of the Indictment and created a real possibility that defendant would be convicted for conduct that was not considered by the Grand Jury and did not appear in the Indictment.

In *Stirone*, defendant was indicted for unlawfully interfering with interstate commerce in violation of the Hobbs Act. The Indictment alleged that from 1951 until 1953, William Rider had a contract to supply ready-mixed concrete from his plant in Pennsylvania to be used for the construction of a steel processing plant in Allenport, Pennsylvania. *Stirone*, 361 U.S. at 213. The Indictment further alleged that Stirone, a union official, interfered with the movement of the materials and supplies by extorting $31,274.13 based on threats of labor disputes. *Id.* at 214.

The court allowed the Government to introduce "evidence on an effect on interstate commerce not only in sand brought into Pennsylvania from other States but also in interference with steel shipments from the steel plant in Pennsylvania into Michigan and Kentucky." *Id.* The court charged the jury that the interstate commerce element could be either based on a finding that (i) sand used to make the concrete had been shipped from another state into Pennsylvania or (ii) Mr. Rider's concrete was used for constructing a mill which would manufacture articles of steel to be shipped in interstate commerce. *Id.*

**SEIFF KRETZ & ABERCROMBIE**

Hon. Kenneth M. Karas
*U.S. v. Nketia* 06 Cr. 893 (KMK)
Page 6 of 7

      In reversing Stirone's conviction, the Supreme Court held that the variance between the allegations in the Indictment and the proof at trial could not be deemed harmless error. *Id.* at 215. Citing *Ex Parte Bain*, the court noted that once an Indictment has been returned, its charges may not be broadened through amendment except by the Grand Jury itself. *Id.* at 216. The court found that the Grand Jury was satisfied that Stirone's conduct interfered with the interstate importation of sand, but that there was no way of knowing whether the Grand Jury would have been willing to charge Stirone for his alleged role in the interstate exportation of steel. *Id.* at 217. The court concluded that there was a variation between the pleading and the proof which destroyed Stirone's right to be tried only on charges presented in an Indictment returned by the Grand Jury. *Id.; see also United States v. Zingaro*, 858 F.2d 94, 103 (2d Cir. 1988).

      Here, a prejudicial variance occurred between the pleading and the proof. The Indictment charged defendant in connection with a fraudulent scheme that spanned from 2000 through 2003. Trial Ind. ¶ 3. More specifically, the Indictment alleged that defendant aided and assisted in the filing of eight fraudulent tax returns in the tax years 2000 and 2002. Trial Ind. at 3. The Indictment further alleged that defendant engaged in the fraudulent scheme by including false dependents and overstated deductions on the eight tax returns. Trial Ind. ¶ 3.

      Despite the limited scope of the Indictment that included only two tax years, 2000 and 2002, the Government was permitted to introduce evidence spanning eight tax years, from 1998 through 2005. The introduction of this evidence significantly broadened the scope of the Indictment and violated defendant's Fifth Amendment rights. *Stirone*, 361 U.S. at 217-18. The introduction of this evidence, primarily in the form of the RPVUE's and the summary charts, also amended the theory of the Government's prosecution. Although the Indictment alleged that defendant supplied the eight tax filers with false dependents and overstated deductions in 2000 and 2002, the Government was permitted to introduce evidence regarding the total number of returns filed between 1998 and 2005 and the percentage

S EIFF K RETZ & A BERCROMBIE

Hon. Kenneth M. Karas
*U.S. v. Nketia* 06 Cr. 893 (KMK)
Page 7 of 7

of filers who received refunds. The intended inference was that defendant was engaged in a long-running fraudulent scheme that was evidenced by the fact that the majority of his clients received refunds. There was no evidence presented, however, to support the Government's alternate theory that the percentage of tax filers who received refunds was unusual, out of the norm or had anything to do with fraud.

The Government also introduced evidence regarding the approximately 350 rejected 2002 returns, most of which were rejected for reasons involving incorrect or faulty dependent information. Again, the inference being that defendant was involved in the filing of hundreds of fraudulent returns and not just the eight counts listed in the Indictment. The introduction of this evidence further broadened the scope of the Indictment and likely resulted in defendant being convicted for acts not found by the Grand Jury and alleged in the Indictment.

In sum, there was a prejudicial variance between the allegations in the Indictment and the proof presented at trial that violated defendant's Fifth Amendment rights. Accordingly, the Court should grant defendant's motion and enter a judgment of acquittal.

### Conclusion

For the foregoing reasons, defendant's motion should be granted and a judgment of acquittal should be entered.

Respectfully submitted,

Roland R. Acevedo (RA 8915)

cc: AUSA William Komaroff