

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 13, 2007

By Hand Delivery

Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

      Re:   United States v. Yaw Nketia
              06 Cr. 893 (KMK)

Dear Judge Karas:

      The Government respectfully submits this letter in opposition to the defendant's motion for a judgment of acquittal. The defendant argues that he is entitled to a judgment of acquittal both because (1) the evidence was insufficient to establish that he actually filed the fraudulent returns charged in the Indictment, and (2) that the similar act evidence admitted by the Court resulted in an unconstitutional broadening of the Indictment.

      On both points, the defendant's motion is meritless. First, as a matter of law, the Government was not required to prove that the defendant himself filed the returns at issue, only that they were in fact filed and that he assisted in any way, direct or indirect, in their preparation. This the evidence clearly established. Second, the similar act evidence presented by the Government was properly admitted under Rule 404(b) as relevant to motive, intent, plan, absence of mistake and modus operandi. The Court's instructions made clear to the jury both the limited use to which this evidence could be put and the fact that the defendant was on trial only for the acts alleged in the Indictment. Under these circumstances, there was no unconstitutional broadening of the Indictment.

      A.    The Evidence Was Sufficient to Sustain the Jury's Guilty Verdict

      Eight counts of aiding and assisting in the preparation of a false tax return in violation of 26 U.S.C. § 7206(2) were submitted to the jury. The jury returned a guilty verdict with respect to

Hon. Kenneth M. Karas  April 13, 2007
Page 2

Counts 1, 2, 4, 5, 6, 7, and 8 and a not guilty verdict with respect to Count 3.[1] In assessing whether there was sufficient evidence to support the jury's verdict, the Court "must consider the evidence in the light most favorable to the government," and the "jury's verdict must be sustained if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Gore, 154 F.3d 34, 40 (2d Cir. 1998) (internal quotations omitted, emphasis in original). On the facts presented here, the defendant fails to carry his "heavy burden" in challenging the sufficiency of the evidence. Id.

The defendant's sole argument with respect to sufficiency of the evidence is that the Government failed to prove that the tax returns that were the subject of the Indictment were actually filed by the defendant, as opposed to someone else working in his office. The short answer to the defendant's argument is that proof of filing by the defendant is not an element a 26 U.S.C. § 7206(2) charge, and, thus, the Government was under no obligation to prove that the defendant himself filed the returns.

As the Court properly instructed the jury, the three elements the Government was required to prove with respect to each count were "(1) that the defendant <u>advised or assisted in the preparation of a federal tax return</u>, which was subsequently filed with the Internal Revenue Service (or "IRS"); (2) that the return was false as to any material matter; and (3) that the defendant acted willfully at the time he aided or assisted the preparation of the return." (Jury Instr. at 7) (emphasis added).[2]

At trial, there was no dispute that each of the returns in question was actually filed with the IRS, and were filed using the defendant's electronic filing identification number ("EFIN") and social security number. (Tr. at 46-50; Def. Mot. at 2). There was also no dispute that at least one individual by the name of "Victor" worked at the front desk of defendant's business and assisted him. As it relates to the counts on which the defendant was convicted, the presence of others in the defendant's office and their possible access to make electronic filings using the defendant's social security number and/or EFIN, are questions on which the Government was not required to offer proof in establishing that the defendant "advised or assisted" in the preparation of the false returns. The actual filing, while necessary to prove the charge, need not have been done by the defendant.

To establish that the defendant "advised or assisted" in the preparation of the charged returns, the Government "is not required to prove that the Defendant personally prepared the return in issue or dealt personally with the taxpayer or signed the return; it is sufficient to satisfy

---

[1] The Government proceeded to trial on eight of the original fourteen counts, which were renumbered in a redacted Indictment. Herein, all references are to the redacted Indictment (Court Exhibit 1).

[2] Citations to the jury charge are to the written version provided by the Court to counsel and the jury.

Hon. Kenneth M. Karas                                                April 13, 2007
Page 3

this first element if the Government proves that the Defendant in any way assisted, directly or indirectly, in the preparation of the return." (Jury Instr. at 7.) Among other evidence presented by the Government, with respect to each count on which the defendant was convicted, the taxpayers in question testified that the defendant himself met with and advised them with respect to the preparation of their return.

For instance, Peterson Appiahackah testified that he met directly with the defendant to discuss the preparation of his 2002 return, and the defendant told him that he would look for dependent information to put on put on his return. (Tr. at 336.) Prince Bonsu testified that he met with the defendant who prepared his return and provided him with the false dependent information that appeared on it. (Tr. at 260-61, 266.) Frank Ndri testified that he met with the defendant and discussed with him getting a larger refund by paying the defendant extra for false dependents. (Tr. at 133.) Similarly, Naana Anson, Christiana Boakye, Edward Campbell and Frank Osafo each testified about their face to face discussions with the defendant over the preparation of their tax return.[3] What the testimony of each of these witnesses establishes (and a point on which each corroborates the other) is that the defendant himself personally participated in the preparation of each of the returns filed under his name. The testimony of the taxpayers is more than sufficient to prove the defendant's <u>direct</u> participation in the preparation of each return. Proof of the defendant's direct participation went beyond what the Government was required to prove and was thus more than sufficient.

Tellingly, the defendant focuses his attention on alleged deficiencies in the testimony of Comlon Agbodoh-Falscha and then asserts that the "testimony of the other seven tax filers named in the Indictment was similar – not one of them testified that he or she was present when the tax return was actually filed and/or knew who did the actual electronic filing." (Def. Mot. at 3). In fact, Mr. Agbodoh-Falscha's testimony differed in at least one important respect from the testimony of the other taxpayers: He did not meet directly with the defendant in advance of the filing of his return and spoke to the defendant by telephone only after the return had been prepared and filed. (Tr. at 159-169.) Of course, the jury acquitted the defendant on the count relating to Mr. Agbodoh-Falscha's return (Count 3). Any shortcomings in his testimony do nothing to undercut the convictions on the remaining counts.[4]

---

[3] <u>See</u> Tr. at 368-370 (Anson met with defendant in his home for assistance in preparing her 2000 return); Tr. at 100-103 (Boakye met with defendant, discussed preparation of return, and received copy of return from defendant); Tr. at 315 (Campbell met with the defendant to discuss preparation of return); Tr. at 231-32 (defendant met with Osafo and told him he would be getting a $6,000 refund).

[4] This difference between Mr. Agbodoh-Falscha's experience with the defendant and the experience of the other taxpayers may very well explain the jury's focus on whether or not there was any evidence concerning whether the preparer's "SSN or PTIN" number is shared within a tax preparer's office, <u>see</u> Court Exs. 3 and 4, as well as the jury's acquittal on Count 3.

Hon. Kenneth M. Karas  April 13, 2007
Page 4

    B.    Evidence of Other Returns Filed by the Defendant Was Properly Admitted and Did Not Result in a Prejudicial Variance or Constructive Amendment

The defendant asserts that the introduction of evidence at trial concerning tax returns other than the eight specific returns charged in the Indictment resulted in a "prejudicial variance" and "significantly expanded the scope of the Indictment." As an initial matter, although the defendant styles his claim as one of "prejudicial variance," the cases and arguments upon which he relies concern a claim of "constructive amendment."[5] In any event, neither theory provides the defendant with a basis for relief, because all of the evidence about which the defendant complains was properly admitted under Rule 404(b) with appropriate limiting instructions. Thus, its admission did nothing to broaden the charges returned by the grand jury.

To prevail on a constructive amendment claim a defendant must demonstrate "that either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." United States v. LaSpina, 299 F.3d 165, 181 (2d Cir. 2002). A variance, on the other hand, "arises when the evidence adduced at trial establishes facts different from those alleged in the indictment." Id. at 182-83 (quoting Dunn v. United States, 442 U.S. 100, 105 (1979)). In order for the defendant to obtain relief from his conviction on account of a variance, he must show "substantial prejudice." Id.

The similar act evidence about which the defendant objects resulted in neither a prejudicial variance nor a constructive amendment because the evidence was relevant to prove the charges in the Indictment, and the jury was properly instructed on the limited purposes for which it could be considered.

First, the defendant complains about the evidence offered concerning Government Exhibits 39 through 46, the Return Preparer Views for 1998 through 2005. These exhibits, and the testimony concerning them from Jeanne Moisa and Special Agent Denise Lamond, demonstrated the substantial growth in the defendant's tax preparation business from the 1998 tax year through the 2002 tax year and the fact that in those years the refund rate achieved for clients was never less than 95%. See GX 101. This evidence was probative, not as the defendant claims to "persuade the jury that defendant was involved in a tax fraud scheme that spanned from 1998 to 2005," but rather to show motive for the defendant's crime. The motive here, the Government argued from this evidence, was that by getting most of his clients refunds whether they were entitled to them or not, he was able to build a booming tax preparation business. As Frank Osafo testified, he went to the defendant to have his 2002 taxes prepared because he had heard through others in the Ghanian community that the defendant "could get you a good

---

[5]The defendant cites to both Stirone v. United States, 361 U.S. 212 (1960) and United States v. Zingaro, 858 F.2d 94 (2d Cir. 1988). Both of these cases concern claims of a constructive amendment to the indictment. United States v. Danielson, 199 F.3d 666, 671 (2d Cir. 1999).

Hon. Kenneth M. Karas  April 13, 2007
Page 5

refund." (Tr. at 228.) The evidence from Government Exhibits 39 through 46 also showed that after the 2002 tax year, and after it had become known to the defendant that he was under investigation by the IRS, both the number of returns and the refund rate dropped. See GX 101. Rather than suggest that the defendant's scheme continued through 2005, this evidence, the Government argued was relevant to show that once the defendant knew that his returns were being scrutinized by the IRS, he tried to "clean up his act." (Tr. at 501.)

Second, the defendant complains about the evidence concerning rejected returns for 2002 and the reasons for those rejections. See GX 36, 37, 104. The Government presented evidence concerning the rejected returns, the majority of which were rejected for reasons having to do with faulty dependent information, as further evidence that, with respect to the charged returns, the defendant's use false dependent information was done knowingly, intentionally and in furtherance of his scheme to get his clients refunds to which they were not entitled.

Both categories of similar act evidence, the defendant argues, "expanded the scope of the Indictment and created a real possibility that the defendant would be convicted for conduct that was not considered by the Grand Jury and did not appear in the Indictment." (Def. Mot. at 5.) Given the Court's limiting instructions, there was no such risk here. The Court specifically instructed the jury that with respect to evidence concerning returns other than those charged in the Indictment, it could consider such evidence "only as it bears upon the Defendant's intent, knowledge, motive, opportunity, absence of mistake or accident, as to the acts that are alleged in the Indictment." (Jury Instr. at 12.) Juries are presumed to follow the Court's instructions, United States v. Paulino, 445 F.3d 211, 216 n.1 (2d Cir. 2006).

That presumption is particularly well founded here. The fact that the defendant was acquitted on Count 3 (Comlon Agbodoh-Falscha) demonstrates that the jury carefully considered each count in the Indictment separately. Had the jury used the "similar acts evidence" for an impermissible purpose such as "to conclude that because the Defendant committed the other act or acts, he must also have committed the acts charged in the Indictment," see Jury Instr. at 12-13, it is unlikely that the jury would have reached a split verdict.

Finally, the defendant's reliance on Stirone v. United States, 361 U.S. 212 (1960) is misplaced. In Stirone, a constructive amendment to the Indictment resulted from the judge instructing the jury that it could find an element of the offense satisfied based on facts other than those alleged in the Indictment. Stirone, 361 U.S. at 214. Here, the Court's limiting instructions were clear that "the Defendant is not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider evidence of similar acts as a substitute for proof that the defendant committed the crimes charged." (Jury Instr. at 12.) In light of the limiting instructions given, admission of the Rule 404(b) evidence did not result in an unconstitutional broadening of the Indictment. See United States v. Clemente, 22 F.3d 477, 482-83 (2d Cir. 1994) (district court retains broad discretion to admit similar act evidence without running afoul of "constructive amendment" rule when admitted subject to "appropriate limiting instructions regarding the use of uncharged-act testimony").

Hon. Kenneth M. Karas  April 13, 2007
Page 6

    C.    <u>Conclusion</u>

For the foregoing reasons, the defendant's motion for acquittal should be denied.

                                      Respectfully submitted,

                                      MICHAEL J. GARCIA
                                      United States Attorney

                By:    _____
                                      William C. Komaroff
                                      Todd Blanche
                                      Assistant United States Attorneys
                                      (212) 637-1111/2494

cc:    Roland R. Acevedo, Esq. (by fax)