**C L I F F O R D**

**C H A N C E**

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/07

David Meister
Partner

DIRECT TEL +1 212 878 8537
david.meister@cliffordchance.com

By Hand

August 20, 2007

Hon. Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

## **MEMO ENDORSED**

Re:   *United States v. Yaw Nketia*,
      06 Cr. 893 (KMK)

Dear Judge Karas:

I am writing on behalf of our client Yaw Nketia to advise the Court that we intend to file a motion for a new trial based on newly discovered evidence in the IRS's possession and because Mr. Nketia's constitutional rights under *Brady* v. *Maryland* and its progeny were violated by the Government's failure to disclose such evidence. We respectfully request that the sentencing in this matter be adjourned pending the Court's resolution of our motion, and request that the Court schedule a brief conference with the parties to address these developments and establish a briefing schedule.

As we will explain in our new trial motion, we have learned of new evidence concerning the total number of returns Mr. Nketia electronically filed that undercuts entirely a critical aspect of the Government's case at trial. The Government argued that Mr. Nketia had knowledge and intent to file false tax returns based on its evidence that the volume of returns he filed electronically increased dramatically over time, which it convinced the Court to admit pursuant to Fed. R. Ev. 404(b). During its opening statement, case-in-chief and summation, the Government repeatedly emphasized the volume evidence, contained in an "RPVUE" IRS report (GX 43) showing that the number of returns filed by Mr. Nketia peaked at 3,974, for tax year 2002, more than double the number he filed for the prior tax year. The Government argued that Mr. Nketia's scheme depended on the volume of returns he filed (because he charged the same fee regardless of whether or not a return contained false deductions), and that once word spread that he was willing to file false tax returns, his business took off. ("He made money by building up in a few short years a huge volume of business by being the guy to go to for a refund on your taxes." Trial Tr. 26-28) The Government highlighted a rising peak in volume, particularly the apex -- 3,974 returns for 2002 -- to drive the point home, as the Government depicted in a bar graph of all electronically filed returns by year. (GX 101). The Government explained the marked decrease in the number of returns filed for tax year 2003 -- the

NYA 855595.1



C L I F F O R D
C H A N C E

CLIFFORD CHANCE US LLP

Hon. Kenneth M. Karas
August 20, 2007

Page 2

downside of the peak -- by linking the drop to when Mr. Nketia learned that he was under IRS investigation.

Unfortunately, it appears that the Government may have had the facts wrong. Although previously unknown to Mr. Nketia and his prior counsel, we have learned that IRS records from its "e-filing" area show that Mr. Nketia electronically successfully filed only 1,860 returns for the tax year 2002, which was commensurate with the number he filed for 2001 (approximately 1,700 returns) and 2003 (approximately 1,500 returns). There was no peak to speak of.

We do not yet have the IRS records from the e-filing area. Nonetheless, once we learned about them, we notified the Government and the Government confirmed that such IRS records show that only 1,860 returns were filed under Mr. Nketia's Electronic Filing Number or "EFIN" (the unique number assigned to Mr. Nketia) for the tax year 2002. The Government has advised us that it has attempted to reconcile the newly discovered records with the information it presented at trial but as of yet has been unable to do so. In any event, there can be no dispute that (i) the Government contended at trial that Mr. Nketia electronically filed 3,974 returns for the tax year 2002 and (ii) the defense was never advised of the e-filing records in the IRS's possession that would have proved the Government wrong, and therefore would have repudiated a principal foundation of the Government's case.

We are not suggesting that the Assistant United States Attorneys handling this matter were previously aware of this evidence -- we do not believe that they were. We do not know whether or not the IRS case agent or witnesses were aware of the IRS e-filing records. Nonetheless, at least someone at the IRS was aware of such records, and the Government was plainly obliged to disclose to the defense the IRS evidence in question, which it did not do.

We have asked the Government to produce the relevant records to the defense. We have also asked the Government to detail its efforts to satisfy its discovery and *Brady* obligations, and explain why the records from the IRS e-filing area were not previously produced, because that information may be relevant to the Court's disposition of our new trial motion.

Accordingly, we respectfully request that the Court adjourn the sentencing in this matter pending the resolution of these issues, and that the Court schedule a conference with the parties to address these developments.

Respectfully submitted,

David Meister

*[Handwritten: Sentence is adjourned until November 5, 2007, at 11:30 am. The Government is to respond to this letter by September 12, 2007.]*

cc: William C. Komaroff, Assistant U.S. Attorney (By Hand)

SO ORDERED

KENNETH M. KARAS U.S.D.J
9/4/07

NYA 855595.1