United States Attorney
Southern District of New York

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 12, 2007

By Facsimile

Hon. Kenneth M. Karas
United States District Judge
500 Pearl Street, Room 920
New York, New York 10007-1312

**MEMO ENDORSED**

Re:   United States v. Yaw Nketia
      06 Cr. 893 (KMK)

Dear Judge Karas:

The Government respectfully submits this letter in response to defense counsel's August 20, 2007 letter (1) informing the Court of the defendant's intention to move for a new trial based on newly discovered evidence and a purported Brady violation, and (2) requesting that the Court schedule a conference with the parties. As discussed briefly below, the defendant's expected motion is premised on a mis-characterization of both the trial proof and the Government's theory at trial. Moreover, the claim in the defendant's letter that the "newly discovered" evidence is Brady material should be rejected because the information he now claims is "newly discovery evidence" was known to the defendant at the time of trial.

The basic tenet of the defendant's position is that the Rule 404(b) evidence introduced at trial showing the number of tax returns filed by the defendant in various years was exaggerated. As set out in the defendant's letter, IRS records from a different database than that from which the RPVUEs introduced at trial were generated, reflect that the Electronic Filing Identification Number (EFIN) that was assigned to Black Caesar Tax & Brokerage was used to e-file 1,860 returns for tax year 2002.[1] The evidence introduced at trial showed that the number of returns filed under the defendant's Preparer Tax Identification Number (PTIN) for tax year 2002 was 3,974. The larger RPVUE number captures returns filed electronically and in paper form, a fact the Government was not aware of prior to Mr. Meister raising the issue. Although the 2002

---

[1] On September 12, 2007, the Government provided to the defendant a previously undisclosed 1 page document that shows the number of EFIN returns filed by the defendant for years' 2000 through 2007. (Attached to this letter as Exhibit A.) The filing numbers for the 2002 tax year were provided orally to defense counsel in mid-August 2007.

SEP-13-2007 12:34
Case 7:06-cr-00893-KMK    Document 42    Filed 09/25/2007    Page 2 of 5
P.03/06

Hon. Kenneth M. Karas
September 12, 2007
Page 2

EFIN number was substantially lower than the RPVUE number for tax year 2002, the 2002 was still the biggest year for the defendant even based solely on the EFIN.

Under the well-established standards governing Rule 33, however, the defendant is not entitled to a new trial based on this evidence. See United States v. Gambino, 59 F.3d 353, 364 (2d Cir. 1995) (holding that "the standard for granting such a motion is strict"); United States v. Locascio, 6 F.3d 924, 949 (2d Cir. 1993); United States v. Imran, 964 F.2d 1313, 1318 (2d Cir. 1992). It is well settled that a motion for a new trial should not be granted unless, after evaluating all of the evidence, the district court is left with a "real concern that an innocent person may have been convicted." United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992). "A district court must exercise great caution in determining whether to grant a retrial on the ground of newly discovered evidence, and may grant the motion only in the most extraordinary circumstances." United States v. Zagari, 111 F.3d 307, 322 (2d Cir. 1997) (emphasis in original; internal quotation marks and brackets omitted). Here, the defendant's proposed motion would fail for at least two independent reasons.

First, the difference in the RPVUE numbers presented at trial and the EFIN based numbers recently provided to the defendant are both consistent with the Government's theory of the case: namely that the defendant grew a high volume preparation business by getting people refunds. Moreover, simply because the defendant's EFIN was used to file only 1,860 tax returns for 2002 does not mean that the number presented at trial - 3,974 - is inaccurate. The two numbers are based on different search criteria: EFIN vs. PTIN. While the Government cannot currently offer a definitive explanation for this disparity, using either number, tax year 2002 was still the defendant's biggest year. In addition, this piece of Rule 404(b) evidence was a small piece of the overall proof against the defendant which included overwhelming direct evidence establishing the guilt of the defendant for fraudulently filing the tax returns that were the subject of the seven counts of conviction.

Second, this is not a Brady violation. The Government has a duty to disclose evidence favorable to the accused when it is material to guilt or punishment. See Brady v. Maryland, 373 U.S. 83, 87 (1963). To demonstrate a Brady violation, "a defendant must show that: (1) the Government, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice." United States v. Coppa, 267 F.3d at 140. There "is never a real 'Brady violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." Strickler v. Greene, 527 U.S. 263, 281 (1999). "[T]he purpose [of Brady] is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur." United States v. Bagley, 473 U.S. 667, 675 (1985).

Significantly, Brady applies only to "the discovery . . . of information which had been known to the prosecution but unknown to the defense." United States v. Agurs, 427 U.S. 97, 103 (1976). Critically, therefore, even where evidence is favorable and material, there is no "suppression" of the evidence, and the defendant is not entitled to relief, "if the defendant either knew . . . or should have known . . . of the essential facts permitting him to take advantage of any exculpatory evidence." United States v. LeRoy, 687 F.2d 610, 618 (2d Cir. 1982); accord United

Hon. Kenneth M. Karas
September 12, 2007
Page 3

States v. Zackson, 6 F.3d 911, 918 (2d Cir. 1993); United States v. Brown, 582 F.2d 197, 200 (2d Cir. 1978).

As discussed above, the evidence of 1860 filings, even if introduced and used at trial to undercut the Government's motive argument, would not have led to a different result. There was ample additional evidence upon which the jury verdict was based – including direct evidence from tax payers and devastating evidence of intent provided through the testimony of the undercover IRS agent. This evidence overwhelmingly established the defendant's guilt. There is no reason to believe that the jury would have reached a different conclusion had they known that while the defendant's PTIN showed 3,974 returns filed by the defendant in 2002, his EFIN was used to file only 1,860 tax year 2002 returns. Further, although the defendant apparently claims that at the time of trial he did not know that his EFIN was used to file only filed 1,860 returns in that year, the defendant is in a better position than anyone to know how many returns he filed for tax year 2002. At all times he has had access to his own business records and files, and it was defense counsel's specific request, which included the stated belief that the number used by the Government significantly overstated the number of returns filed, that led to the discovery and production of the information from the EFIN database.

Any motion for a new trial or allegation that a Brady violation occurred should be rejected by the Court. Nonetheless, in the event the Court deems further briefing appropriate, the Government has conferred with counsel for the defendant, and would propose the following briefing schedule: Defendant's motion to be filed no later than October 9, 2007, opposition by the Government no later than October 19, 2007, and a reply, if any, no later than October 26, 2007. The parties are also available for a conference if desired by the Court.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: _____
Todd W. Blanche
Assistant United States Attorney
Tel.: (212) 637-2494
Fax: (212) 637-2937

cc:  David Meister, Esq.
     Clifford Chance US LLP
     31 West 52nd Street
     New York, NY 10019
     (via facsimile)

*Mr. Nketia may file his Rule 33 motion by October 9, 2007; the Government may respond by October 19, 2007; Mr. Nketia may reply by October 26, 2007. The Court will hold argument on November 5, 2007, at 11:30am Courtroom 21D in Manhattan.*

SO ORDERED

KENNETH M. KARAS U.S.D.J.
9/24/07

# Exhibit A

e-file Application Information : EFIN Status

Name: BLACK CAESAR TAX & BROKERAGE

Social Security Number(SBN): 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

Listed below are the EFIN(s) Electronic Filing Indentification Number(s) and their statuses that have been assigned to this application

You can select any of the following actions from the table below:
- Select *Edit* to edit an EFIN status (The editable entries will appear in the section below.)
- To generate a letter, pick the type of letter from the *Letter Name*

| | EFIN | EFIN Status | Begin Date/Time | Added By | Edit |
|---|---|---|---|---|---|
| 1 | 133243 | Inactive | 03/26/2007 7:10:43AM | F3DBB | Edit |

**Electronic Filing Identification Number(s)(EFIN)**

EFIN:

*EFIN Status (Required):

Begin Date/Time: 09/12/2007 9:46:47AM

- Select *Assign* to assign an EFIN. Your addition will appear in the table.
- Select *Clear* to clear the form.

## Electronic Return Originator (ERO) Activity by EFIN/Return Type

The activity shown below by EFIN and Return Type represents the total YTD counts for returns submitted electronically to the IRS.

Customize | Find | View 5  First  1-8 of 8  Last

| | EFIN | Return Type | Processing Year | Transmitted YTD | Accepted YTD | Rejected YTD |
|---|---|---|---|---|---|---|
| 1 | 133243 | 1040 | 2007 | 1418 | 1141 | 277 |
| 2 | 133243 | 1040 | 2006 | 1740 | 1424 | 316 |
| 3 | 133243 | 1040 | 2005 | 1818 | 1419 | 399 |
| 4 | 133243 | 1040 | 2004 | 2071 | 1501 | 570 |
| 5 | 133243 | 1040 | 2003 | 2479 | 1860 | 619 |
| 6 | 133243 | 1040 | 2002 | 0 | 1713 | 0 |
| 7 | 133243 | 1040 | 2001 | 0 | 1263 | 0 |
| 8 | 133243 | 1040 | 2000 | 0 | 637 | 0 |

Application Received Date: 11/30/1998
Application Created: 12/21/1998 3:32PM
Application Submitted: 12/21/1998 3:32PM
Tracking Number: 2003040918531096
Last Modified: 03/26/2007 7:10AM
Last Maintained By: F3DBB



When you have finished EFIN Status, you may do any of the following:
- Select *Previous* to go back to the e-file application Menu Page.
- Select *Next* to go to the Firm Suitability Information page.
- Select *Save* to save all changes made
- Select *Cancel* to exit the application.

file://c:\TEMP\F3NWH93W.htm

09/12/2007