# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 22, 2006

By Federal Express

Roland R. Acevedo, Esq.
Seiff Kretz & Abercrombie
444 Madison Avenue
30th Floor
New York, NY 10022

      Re:    United States v. Yaw Nketia
             06 Cr. 893 (KMK)

Dear Mr. Acevedo:

This letter provides initial discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure, and seeks reciprocal discovery.

Disclosure by the Government

Based on your request, I am enclosing copies of documents bearing control numbers 1 through 1149. The tax returns and return information included in this discovery are being produced subject to the protective order signed by the Court on November 17, 2006.

Included in the production are draft transcripts of undercover recordings made at the defendant's office. See Document Nos. 375-428. As we discussed and agreed, these draft transcripts are being provided to you as a courtesy and subject to your agreement that they will not be used in Court for any purpose. I had intended to produce today copies of the actual audio recordings, but as a result of technical difficulties in reproducing these recordings, I will not be able to provide them to you until next week.

The Government recognizes its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and will provide timely disclosure if any such material comes to light. The Government will provide Giglio material, if any, at the time it provides prior statements of witnesses pursuant to Title 18, United States Code, Section 3500.

Roland R. Acevedo, Esq.                                     November 22, 2006
Page 2

<u>Disclosure By the Defendant</u>

In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b).  Specifically, we request that you allow inspection and copying of: (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defense disclose prior statements of witnesses it will call to testify.  <u>See</u> Fed. R. Crim. P. 26.2; <u>United States v. Nobles</u>, 422 U.S. 225 (1975).  We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime.

The Government requests a response to our Rule 12.2 and 12.3 demands within the time period allowed by the Court for the filing of motions.

<u>Sentence Reduction for Acceptance of Responsibility</u>

Please be advised that unless a disposition is reached on a timely basis prior to trial, this Office reserves the right to oppose both the two-point reduction under the Sentencing Guidelines for acceptance of responsibility, U.S.S.G. § 3E1.1(a), and the additional one-point reduction available for defendants who plead prior to the Government's initiation of trial preparations, U.S.S.G. § 3E1.1(b)(2), in the event your client has not entered a plea of guilty sufficiently in advance of trial.

Roland R. Acevedo, Esq.                                    November 22, 2006
Page 3

     Please contact me at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

                        Very truly yours,

                        MICHAEL J. GARCIA
                        United States Attorney

By:

                        William C. Komaroff
                        Assistant United States Attorney
                        Tel: (212) 637-1111

Enclosures

# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 16, 2007

By Fax: (212) 371-6883

Roland R. Acevedo, Esq.
Seiff Kretz & Abercrombie
444 Madison Avenue
30th Floor
New York, NY 10022

Re:     United States v. Yaw Nketia
                06 Cr. 893 (KMK)

Dear Mr. Acevedo:

The Indictment in this case alleges that the defendant engaged in a fraudulent scheme from in or about at least 2000, through in or about 2003, to prepare materially false tax returns. As a result, it is the Government's position that evidence of the existence of such a scheme – beyond evidence relating directly to the fourteen specific false tax returns charged as Counts One through Fourteen in the Indictment – is probative of the existence of such a scheme, and is directly relevant to prove the charges in the Indictment.

Nonetheless, and in an abundance of caution, should the Court conclude that any such evidence is covered by Rule 404(b), this letter provides disclosure concerning the general nature of certain evidence the Government may seek to introduce at trial. Without conceding its applicability, the evidence described below would be admissible under Rule 404(b) because it is probative of the defendant's motive, intent, knowledge and/or absence of mistake.

The Government may offer evidence of the following:

1.      An undercover operation conducted at the defendant's office on April 9 and April 10, 2003;

2.      Tax returns prepared by the defendant for tax years 1999 through 2003, and analyses thereof, that reflect patterns of false statements consistent with the specific false returns charged in Indictment;

Roland R. Acevedo, Esq.                                February 16, 2007
Page 2

3.    The number of tax returns prepared by the defendant for each of the tax years 1998 through 2004; and

4.    Refund rates for returns prepared by the defendant in each of the tax years 1998 through 2004.


In addition, the Government hereby provides notice that it intends to offer expert testimony from an IRS revenue agent concerning the materiality of misstatements on the specific tax returns charged in the Indictment. In addition, the Government expects to offer the analyses of other returns prepared by the defendant through this same witness. The Government is still in the process of identifying who that witness will be and will make the disclosures required by Rule 16(a)(1)(G) as soon as the information becomes available.

                         Very truly yours,

                         MICHAEL J. GARCIA
                         United States Attorney

        By:    _____
                         William C. Komaroff
                         Assistant United States Attorney
                         Tel: (212) 637-1111

# EXHIBIT C



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 2, 2007

<u>By Federal Express -- For Saturday Delivery</u>

Roland R. Acevedo, Esq.
Seiff Kretz & Abercrombie
444 Madison Avenue
30th Floor
New York, NY 10022

   Re: <u>United States v. Yaw Nketia</u>
      06 Cr. 893 (KMK)

Dear Mr. Acevedo:

  Enclosed please find 4 binders containing the Government Exhibits that we have marked to date. As we continue to prepare for trial and meet with our civilian witnesses we expect to mark additional exhibits related to those witnesses. In addition, we intend to offer a materiality analysis regarding the indicted returns and a number of summary charts, which we will provide to you once they are completed. As a courtesy, we have enclosed an Exhibit List describing the enclosed documents. Please feel free to call me if you have any questions.

      Very truly yours,

      MICHAEL J. GARCIA
      United States Attorney

  By:              
      William C. Komaroff
      Todd Blanche
      Assistant United States Attorneys
      Tel: (212) 637-1111/2494

Enclosures

United States v. Yaw Nketia, 06 Cr. 893 (KMK)

Government Exhibit List

| GX No. | Description | Witness | Admitted |
|--------|-------------|---------|----------|
| | **Indicted Tax Returns** | | |
| GX 1 | Naana Anson (client 1) 2000 tax year return (certified copy) | | |
| GX 2 | Beatrice Benson (client 2) 2000 tax year return (certified copy) | | |
| GX 3 | Christiana Boakye (client 3) 2000 tax year return (certified copy) | | |
| GX 4 | Joseph Gono (client 4) 2000 tax year return (certified copy) | | |
| GX 5 | Klenam Anatsui (client 5) 2000 tax year return (certified copy) | | |
| GX 6 | Felicia Amponsah (client 6) 2000 tax year return (certified copy) | | |
| GX 7 | Felicia Amponsah (client 6) 2001 tax year return (certified copy) | | |
| GX 8 | Comlan Agbodohfalscha (client 7) 2002 tax year return (certified copy) | | |
| GX 9 | Peterson Appiahackah (client 8) 2002 tax year return (certified copy) | | |
| GX 10 | Prince Bonsu (client 9) 2002 tax year return (certified copy) | | |
| GX 11 | Edward Campbell (client 10) 2002 tax year return (certified copy) | | |
| GX 12 | Frank Ndri (client 11) 2002 tax year return (certified copy) | | |
| GX 13 | Frank Osafo (client 12) 2002 tax year return (certified copy) | | |
| GX 14 | Barba Yamson (client 13) 2002 tax year return (certified copy) | | |
| GX 15 | | | |
| | **Social Security Administration Documents** | | |
| GX 16 | Social Security Certification of Extract From Records (deceased dependents on indicted tax returns) | | |
| GX 17 | | | |
| GX 18 | | | |
| GX 19 | | | |

March 2, 2007 (5:02pm)                                  1

| GX No. | Description | Witness | Admitted |
|---|---|---|---|
| | **Undercover Meeting with Nketia** | | |
| GX 20 | Photo of Nketia Store front | | |
| GX 21 | Floor plan of Nketia Office | | |
| GX 22 | Video frame grab – Yaw Nketia | | |
| GX 23 | April 9, 2003 audio recording of UC meeting with Nketia (full recording) | | |
| GX 23-A | April 9, 2003 audio recording of UC meeting with Nketia (excerpt of GX 23) | | |
| GX 23-T | Transcript of excerpted April 9, 2003 UC meeting with Nketia | | |
| GX 24 | April 10, 2003 audio recording of UC meeting with Nketia (full recording) | | |
| GX 24-A | April 10, 2003 audio recording of UC meeting with Nketia (excerpt of GX 24) | | |
| GX 24-T | Transcript of excerpted April 10, 2003 UC meeting with Nketia | | |
| GX 25 | Undercover W-2 form | | |
| GX 26 | Undercover work sheets prepared by Nketia | | |
| GX 27 | Post-It notes and Nketia business card | | |
| GX 28 | Undercover federal tax return prepared by Nketia | | |
| GX 29 | Undercover state tax return prepared by Nketia | | |
| GX 30 | Undercover false dependent information | | |
| GX 31 | | | |
| GX 32 | | | |
| GX 33 | | | |
| GX 34 | | | |
| | **Nketia Preparer Information** | | |
| GX 35 | Nketia e-file Application Information: Application Summary | | |
| GX 36 | Rejected ELF Return Spread Sheet (tax year 2002) | | |

March 2, 2007 (5:02pm)                    2

| GX No. | Description | Witness | Admitted |
|---|---|---|---|
| GX 37 | Electronic Return File Specifications and Record Layouts for Individual Income Tax Returns, Tax Year 2002, Attachment 1 | | |
| GX 38 | Collection of Nketia filed tax returns for tax year 2002 for filers listed on GX 36 | | |
| GX 39 | tax year 1998 Nketia preparer return summary | | |
| GX 40 | tax year 1999 Nketia preparer return summary | | |
| GX 41 | tax year 2000 Nketia preparer return summary | | |
| GX 42 | tax year 2001 Nketia preparer return summary | | |
| GX 43 | tax year 2002 Nketia preparer return summary | | |
| GX 44 | tax year 2003 Nketia preparer return summary | | |
| GX 45 | tax year 2004 Nketia preparer return summary | | |
| GX 46 | tax year 2005 Nketia preparer return summary | | |
| GX 47 | | | |
| GX 48 | | | |
| GX 49 | | | |
| | **Other Civilian Witness Exhibits** [GX 50-100 reserved] | | |
| | | | |
| | | | |
| | | | |
| | **Charts and Summaries**      [GX 101 ⇨] | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

March 2, 2007 (5:02pm)                    3

# EXHIBIT D

```
ion Name: DLS0149001 Date: 1/7/2002 Time: 10:21:41 AM

JE 199904-7845347 I, 199812,1040SM
PARER TIN:
CIATED TIN:
               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
PARER ENTITY INFO:
NKETIA
1 MOSHOLU PKWY S APT 13F                   BRONX           NY 10468-1142
REFUND RETURNS: 9 7        # OF REFUND RETURNS: 257
EIC RETURNS: 6 2          # OF EIC RETURNS: 166
ESSING YEAR: 1999
```

`# OF RETURNS PREPARED:  264`

`SUMMARY`

```
GES AVAILABLE:   66
OUPS AVAILABLE:   4
```

GOVERNMENT EXHIBIT 39
06 Cr. 893(KMK)(D)



ion Name: DLS0149001 Date: 1/7/2002 Time: 10:22:02 AM

IE 200004-7845347 I,199912,,1040SM

'ARER TIN:

CIATED TIN: 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

'ARER ENTITY INFO:

NKETIA

' MOSHOLU PKWY S APT 13F                    BRONX              NY 10468-1142

' REFUND RETURNS: 96

' EIC RETURNS: 66

'ESSING YEAR: 2000

# OF RETURNS PREPARED: 760                                    SUMMARY

# OF REFUND RETURNS: 730

# OF EIC RETURNS: 503

GES AVAILABLE: 190

OUPS AVAILABLE: 10

GOVERNMENT EXHIBIT 40

:ation Name: DLS0149001 Date: 1/7/2002 Time: 9:06:05 AM

SUMMARY

\*YUE 2001047-84-5347I,200012,1040SM
\REPARER TIN:                     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        # OF RETURNS PREPARED: 1436
\SSOCIATED TIN:
\REPARER ENTITY INFO:             P00216973
\W NKETIA
) W MOSHOLU PKWY S APT 13F       BRONX           NY   10468-1142
OF REFUND RETURNS: 97            # OF REFUND RETURNS: 1397
OF EIC RETURNS: 60               # OF EIC RETURNS: 865
\OCESSING YEAR: 2001

PAGES AVAILABLE: 359
GROUPS AVAILABLE: 18

GOVERNMENT
EXHIBIT
41
7:06-cr-893-KMK(JD)

```
RPVUE 2002P00216973I                                              SUMMARY
PREPARER TIN:           P00216973I        # OF RETURNS PREPARED: 1822
ASSOCIATED TIN:         047845347
PREPARER ENTITY INFO:
YAW NKETIA
40 W MOSHOLU PKWY S APT 13F      BRONX           NY  10468-1142
% OF REFUND RETURNS:  97         # OF REFUND RETURNS: 1774
% OF EIC RETURNS:     57         # OF EIC RETURNS:    1053
PROCESSING YEAR: 2002


# PAGES AVAILABLE:  456
# GROUPS AVAILABLE:  23
```

GOVERNMENT
EXHIBIT
42
06 Cr. 893 (KMK)(ID)

```
Station Name: WHP970 Date: 09/23/2004 Time: 3:49:15 PM

RPVUE 2003047-84-5347I                                        SUMMARY
PREPARER TIN:           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      # OF RETURNS PREPARED: 3974
ASSOCIATED TIN:         P00216973
PREPARER ENTITY INFO:
    NKETIA
40 W MOSHOLU PKWY APT 13F        BRONX              NY 10468-1142
% OF REFUND RETURNS:  95          # OF REFUND RETURNS: 3799
% OF EIC RETURNS:     46          # OF EIC RETURNS:    1833
PROCESSING YEAR: 2003


# PAGES AVAILABLE:  994
# GROUPS AVAILABLE:  50
```

GOVERNMENT EXHIBIT 43

```
Station Name: WHT970 Date: 09/23/2004 Time: 3:49:33 PM

RPVUE 2004047-84-5347I                                                SUMMARY
PREPARER TIN:           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       # OF RETURNS PREPARED: 1673
ASSOCIATED TIN:         P00216973
PREPARER ENTITY INFO:
YAW NKETIA
40 W MOSHOLU PKWY APT 13F        BRONX                 NY  10468-1142
% OF REFUND RETURNS:  91           # OF REFUND RETURNS: 1524
% OF EIC RETURNS:     50           # OF EIC RETURNS:      846
PROCESSING YEAR: 2004


# PAGES AVAILABLE:  419
# GROUPS AVAILABLE:  21
```

GOVERNMENT
EXHIBIT
44
06 Cr. 893 (KMK)(ID)

```
Station Name: W Wuestefeld Date: 02/28/2007 Time: 8:15:56 AM
```

```
RPVUE 2005047-84-5347I                                    SUMMARY
PREPARER TIN:           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    # OF RETURNS PREPARED: 1571
ASSOCIATED TIN:         P00216973
PREPARER ENTITY INFO:
YAW NKETIA
40 W MOSHOLU PKWY S APT 13F      BRONX            NY  10468-1142
% OF REFUND RETURNS:    90        # OF REFUND RETURNS: 1420
% OF EIC RETURNS:       48        # OF EIC RETURNS:     765
PROCESSING YEAR: 2005


# PAGES AVAILABLE:   393
# GROUPS AVAILABLE:   20
```

GOVERNMENT
EXHIBIT
45
06 Cr. 893 (KMK)(ID)

```
Station Name: W Wuestefeld Date: 02/28/2007 Time: 8:15:47 AM
```

```
RPVUE 2006047-84-5347I                                            SUMMARY
PREPARER TIN:              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      # OF RETURNS PREPARED: 1512
ASSOCIATED TIN:           P00216973
PREPARER ENTITY INFO:
YAW NKETIA
40 W MOSHOLU PKWY S APT 13F      BRONX                NY  10468-1142
% OF REFUND RETURNS:  91          # OF REFUND RETURNS: 1377
% OF EIC RETURNS:     51          # OF EIC RETURNS:      772
PROCESSING YEAR: 2006


# PAGES AVAILABLE:  378
# GROUPS AVAILABLE:  19
```

GOVERNMENT EXHIBIT

46

06 Cr. 893 (KMK)(ID)

# EXHIBIT E

# SEIFF KRETZ & ABERCROMBIE

CHARLES D. ABERCROMBIE*
WALTER A. KRETZ, JR.
ERIC A. SEIFF
————
MARIANA OLENKO

*ALSO ADMITTED IN CT

444 MADISON AVENUE
30TH FLOOR
NEW YORK, N.Y. 10022-6926
(212) 371-4500
FAX (212) 371-6883
————
ROLAND R. ACEVEDO
OF COUNSEL

March 2, 2007

BY HAND and ECF
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Yaw Nketia*  06 Cr. 893 (KMK)

Dear Judge Karas:

Defendant Yaw Nketia respectfully submits the following letter in lieu of a formal motion *in limine*. Defendant seeks an order, pursuant to Rules 402, 403 and 404(b) of the Federal Rules of Evidence, precluding the Government from introducing non-relevant, prejudicial and misleading evidence of uncharged crimes that would confuse and mislead the jury, unnecessarily lengthen the trial and impermissibly broaden the scope of the Indictment.

## Background

Defendant, the owner of Caesar Tax & Brokerage Services, is charged in a 14-count Indictment with preparing federal income tax returns and supporting schedules that contained false and fraudulent information, including false dependents and overstated deductions. Ind. ¶ 3. The Indictment alleges that as a result of the inclusion of this false and fraudulent information on the returns and schedules, defendant generated earned income tax credits and tax refunds to which clients were not entitled. *Id.* Although the Indictment alleges that the fraudulent scheme took place "from in or about at least 2000, through in or about 2003," the tax return filings in the 14-counts are limited to a two year period, from 2000 through 2002. *Id.* ¶¶ 3, 4.

SEIFF KRETZ & ABERCROMBIE

Hon. Kenneth M. Karas
U.S. v. Nketia  06 Cr. 893
Page 2 of 10

The Government has provided defense counsel with
notice that it may offer the following 404(b) evidence at
trial:

1.  an undercover operation conducted at the
defendant's office on April 9 & 10, 2003;

2.  tax returns prepared by defendant for tax
years 1999 through 2003, and analyses thereof that reflect
a pattern of false statements consistent with the false
returns charged in the Indictment;

3.  the number of tax returns prepared by
defendant for each of the tax years 1998 through 2004; and

4.  refund rates for returns prepared by
defendant in each of the tax years 1998 through 2004.

For the reasons set forth below, defendant seeks
an Order precluding the Government on its case-in-chief
from introducing non-relevant, prejudicial and misleading
evidence of uncharged crimes that would expand the scope of
the Indictment, unnecessarily lengthen the trial, confuse
and mislead the jury and attempt to show that defendant has
a propensity to commit criminal conduct.

<u>Argument</u>

The purpose of the Federal Rules of Evidence is
to "secure fairness in the administration" of the law so
that "the truth may be ascertained and proceedings justly
determined." Fed. R. Evid. 102. To ensure that
proceedings are justly determined, "[e]vidence which is not
relevant is not admissible." Fed. R. Evid. 402. "Relevant
evidence means evidence having any tendency to make the
existence of any fact that is of consequence to the
determination more probable or less probable than it would
be without the evidence." Fed. R. Evid. 401.

Rule 403 provides that "[a]lthough relevant,
evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by

SEIFF KRETZ & ABERCROMBIE

Hon. Kenneth M. Karas
U.S. v. Nketia  06 Cr. 893
Page 3 of 10

considerations of undue delay, waste of time or needless
presentation of cumulative evidence." Fed. R. Evid. 403.
"Under Rules 401 and 403 of the Federal Rules of Evidence,
in order for evidence to be admissible it must be relevant
and its prejudicial effect must not substantially outweigh
its probativeness." *United States v. Harvey*, 991 F.2d 981,
996 (2d Cir. 1993).

Rule 404(b) provides that evidence of other
crimes, wrongs or acts is not admissible to prove the
character of the defendant in order to show action in
conformity therewith. Fed. R. Evid. 404(b).  Such evidence
may be admissible, however, as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity
or absence of mistake or accident. *Id.*

The Second Circuit uses a three-prong test to
determine whether evidence of extrinsic acts is admissible
under Rule 404(b).  *United States v. Mickens*, 926 F.2d
1323, 1328 (2d Cir. 1991).  As a general rule, other crimes
evidence is admissible unless it is introduced for the sole
purpose of showing defendant's bad character, it is not
relevant under Rule 402, or it is overly prejudicial under
Rule 403. *Id.*

I.    The April 2003 Undercover Operation

On April 9 and 10, 2003, IRS agents conducted an
undercover operation at defendant's office that was
recorded on audio and video tape. An IRS agent posed as
Jeanine Andrade, who claimed that she was from Nigeria and
had two children who did not reside with her in the United
States. During the April 9th operation, defendant informed
Ms. Andrade that because her children did not reside in the
United States she could not claim them as dependents.
Defendant suggested that Ms. Andrade may be able to claim
someone else's dependent children on her tax return if that
person had not previously claimed the children on his or
her tax return.  On April 10th, the undercover agent
returned to defendant's office and a tax return was
submitted using the fictitious name and claiming two
dependent "foster children."  Defendant was not charged in
connection with filing the Andrade tax return.